Ashlock v. Sherman.

ASHLOCK v. SHERMAN ET AL.

| 56 | 311 |
| 136 | 718 |

1. **Practice:** KIND OF PROCEEDINGS: DEMURRER. The fact that a petition to secure a modification of an order made in a probate proceeding is entitled in equity, is not ground for demurrer.

2. ———: PROBATE COURT: POWERS OF. The probate court has the power to modify orders previously made by it, on a proper showing therefor.

*Appeal from Linn Circuit Court.*

TUESDAY, JUNE 14.

IT is averred in the petition that the plaintiff is the widow of James Ashlock, deceased, and that the defendants are his heirs and devisees under his will; that said will was admitted to probate in 1877, and that by the provisions thereof there was bequeathed to the plaintiff a proper allowance for her maintenance during her life; that in June, 1878, the proper application having been made therefor, the court made an order granting the plaintiff the sum of $500 of the moneys belonging to said estate, "to be invested in the purchase of an annuity, properly secured by mortgage in equal security." That plaintiff finds it " very inconvenient, if not impracticable, to make an advatageous investment of said sum of $500 in an annuity, and that defendants, without any reason therefor, claim to have a contingent interest in said money.

The prayer of the petition, which is entitled in equity, is that the order of the court may be so modified that plaintiff may have absolute control of the money allowed to her, and that an order be made declaring that said defendants have no contingent interest therein.

There was a demurrer to the petition, upon the ground that the Circuit Court, as a court of equity, has no jurisdiction to modify or change an order made by the Circuit Court as a court of probate; that the Circuit Court as a court of probate has exclusive jurisdiction of probate matters. There was also the further ground of demurrer that the facts stated

Ashlock v. Sherman.

in the petition do not entitle the plaintiff to the relief demanded.

The demurrer was overruled. The defendants refused to further plead, and a decree was entered in substantial accord with the prayer of the petition. Defendants appeal.

*J. C. Davis*, for appellants.

*J. B. Young*, for appellee.

ROTHROCK, J.—I. The Circuit Court has exclusive jurisdiction of the probate of wills and the settlement of estates.

1. PRACTICE: kind of proceedings: demurrer. Code, § 2312. It also has general original jurisdiction in all civil cases. The subject-matter of this proceeding should have been entitled as in probate, and not as an original action in equity. It was a matter pertaining to the settlement of an estate, and the relief sought was a modification of an order in probate. But, by section 2519, it is provided that an error as to the kind of proceedings adopted in the action is waived by a failure to move for its correction at the proper time. An error in the kind of proceedings adopted is not ground for demurrer. The cause should be transferred to the proper docket on motion. *Conyngham v. Smith*, 16 Iowa, 471; *Traer v. Lytle*, 20 Id., 301.

II. It is urged that the facts stated in the petition do not entitle the plaintiff to the relief demanded. It seems to us

2. ——: probate court: powers of. that the Circuit Court, having all parties in interest before it, may modify probate orders upon proper showing being made therefor, and that the allegation of the inconvenience and impracticability of making an investment of the money in question in an annuity was sufficient cause for modifying the previous order of the court, so as to make the fund available for the purpose to which it was devoted under the will.

In our opinion the demurrer was properly overruled.

AFFIRMED.