### McNAME v. MALVIN ET AL.

1. **Practice**: CLAIM AGAINST ESTATE: ERROR IN PROCEEDINGS. The fact that a claim against an estate, which should have been prosecuted by proceedings in probate, is sued in an ordinary action at law against the administrator is not ground for demurrer.

2. ———:———: JUDGMENT AGAINST ADMINISTRATOR. A judgment rendered against an administrator, in an action wherein the court acquired jurisdiction of both parties and subject-matter, cannot be set aside on the ground that the claim was not regularly prosecuted in accordance with the statute governing the establishment of claims against estates.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, JUNE 15.

THE petition in this case is entitled as follows: "Lawrence McName, administrator or the estate of Mason A. King, deceased, *v.* P. S. Malvin, Sarah Malvin, administratrix of the estate of Samuel Malvin, deceased."

The body of the petition is, in subtance, as follows: That on the 17th day of November, 1870, in the lifetime of said Samuel Malvin, he, the said Malvin, made his joint promissory note in writing to Mason A. King and Phoebe King, by which he promised to pay said Mason A. King four hundred dollars, with interest. A copy of the note is set out, which appears to have been executed by P. S. Malvin, Samuel Malvin and Marion Cloud. It is further averred "that the note was duly presented to P. S. Malvin, as one of the administrators of said estate of Samuel Malvin, and by him duly approved as a valid and subsisting claim against said estate." The prayer of the petition is as follows: "Wherefore the plaintiff asks judgment against Sarah Malvin, as administratrix of the estate of Samuel Malvin, for $300, and for costs." Certain payments were indorsed on the note.

The defendant, Sarah Malvin, demurred to the petition on the following grounds:

"1st. That the facts stated in the petition do not entitle the plaintiff to the relief demanded.

"It appearing on the face of the petition that plaintiff's claim is a mere money demand against the estate of Samuel Malvin, deceased, and no facts whatever are stated showing that this defendant has rendered herself liable to pay the same.

"Plaintiff also alleges that said claim was presented to this defendant's co-administrator, and by him allowed as a valid claim against the estate of Samuel Malvin, deceased, and his remedy ·is not in this court against this defendant in an original action.

"2d. Because this court has no jurisdiction of the subject-matter of this action. It appearing from said plaintiff's petition that said claim is a mere money demand against the estate of Samuel Malvin, deceased, and no facts are stated in said petition showing that the defendant has ever rendered herself liable to pay the same."

The demurrer was overruled, and defendant refusing to plead over, it was adjudged that plaintiff recover of the defendant, as administratrix of the estate of Samuel Malvin, the amount due on the note, said judgment to be treated as a claim of the fourth class against the estate of the said Samuel Malvin, deceased, and to be paid as a fourth-class claim.

At the next term of the court a motion was made by the defendant to set aside the judgment and establishment of the claim, which motion was overruled. Defendant appeals.

*Utt Brothers*, for appellant.

*C. B. Kennedy*, for appellee.

ROTHROCK, J.—I. If we understand the first ground of demurrer, it is this: That no facts are stated in the petition which would authorize a personal judgment against the defendant, and that the remedy is against the estate of the maker of the note, and not against the defendant in a personal

McName v. Malvin.

action. But this ground of demurrer assumes a fact not warranted from the averments of the petition. No personal judgment is demanded therein against the defendant. It is asked that a judgment be rendered against her as administratrix, which means simply that the demand be established as a claim against the estate.

II. The next ground of demurrer goes to the jurisdiction of the court, and, as we understand it, the defendant claims

1. PRACTICE: claim against estate : error in proceedings. that the demand should have been filed on the probate side of the court. But a mistake as to kind of proceedings adopted by the plaintiff is not ground for demurrer. The defendant should have moved to transfer the cause to the probate calender, if it was thought that was the proper forum. *Ashlock v. Sherman, ante,* 311.

III. The motion made at the succeeding term to set aside the judgment was properly overruled. It was based for the

2. ——: ——: judgment against administrator. most part upon the ground that the court erred in entertaining the action, for the reason that the petition and proceedings were not based upon the statute for establishing claims against an estate, and because the claim was not filed in twelve months after the administrators gave notice of their appointment, and because it was barred by the statute of limitations.

This motion came too late. The court had jurisdiction of the parties and of the subject-matter. What evidence it had before it does not appear. The defendant should have made her resistance to the claim before judgment. This disposition of the cause renders it unnecessary to determine the motion filed by appellee.

AFFIRMED.