Seekel v. Norman et al.

---

## SEEKEL v. NORMAN ET AL.

1. **Practice in Supreme Court:** NO REVERSAL WHERE APPELLANT IS NOT PREJUDICED. Where appellants have obtained a more favorable decree than they were entitled to, and errors, if any there were, did not prejudice them, there can be no reversal.

2. **Attorney's Fees:** ALLOWANCE OF WHERE USURY PLEADED. In the foreclosure of a mortgage providing for an attorney's fee, where usury was pleaded, but not established, but the amount of plaintiff's recovery was diminished by the amount of usury contracted for in other notes between the same parties, but not directly involved in the suit, *held* that the allowance of an attorney's fee would not be set aside.

*Appeal from Harrison District Court.*

FRIDAY, MARCH 21.

THIS is an action upon certain promissory notes, and to foreclose a mortgage given to secure the payment of the

same. The notes and mortgage were originally given to the defendant, S. F. Winch. He assigned the notes and mortgage in writing to the plaintiff. At the time of the assignment, there was but one of the notes due. The defendants by answer, and by a cross-bill against Winch, set up that the plaintiff was not the owner of the notes and mortgage, and that Winch was the real owner, and that all of the notes were usurious. It was further alleged that Winch was a married man, and that his wife did not join in the conveyance of the land for which the notes and mortgage were given, and that she still had a contingent right of dower in the land.

The cause was tried by the court, and it was found that the plaintiff was the real owner of the notes and mortgage, and that she took the assignment thereof in good faith and without notice, and that at the time of the assignment one of the notes was due. It was found that two other notes, which had been given by the defendants to Winch, were tainted with usury, and the amount of the usury found to be therein was set off against the note which was due when transferred to the plaintiff, and a decree was entered for the amount of the notes and interest, and an attorney's fee for collection was allowed. After the suit was commenced, the defendant, Winch, filed in court a conveyance of the land from his wife to the defendant, Norman, to be delivered to him upon the performance of his contract. The defendants, A. J. Norman and L. M. Norman, appeal.

*S. H. Cochran* and *G. T. Kelley*, for appellants.

*L. R. Bolter*, for appellee.

Rothrock, Ch., J.—A careful reading of the evidence in the case leads us to the conclusion that appellants obtained a more favorable decree than they were entitled to. The notes and mortgage were assigned in writing to the plaintiff. The evidence does not show that she is not the owner. We think the court correctly found that she is the absolute owner.

· We think it is not shown by a preponderance of the evidence that any usury entered into the notes. But, as the court below found that the payment of more than ten per cent per annum was contracted for as to certain other notes not in suit, and that the note which was due when the assignment was made to the plaintiff was affected thereby, and as plaintiff does not appeal, the decree will not be disturbed.

. The conveyance by the wife of Winch being on file in the court below to be delivered to the defendants, they are not prejudiced by the fact that she did not join with her husband in the original deed. Whether or not an outstanding contingent right of dower would be available as a defense or as a counter-claim, we need not determine.

Complaint is made that the costs were not taxed to the plaintiff, and that an attorney's fee was taxed against the defendants. As we have found that the plea of usury was not established by the evidence, we cannot disturb this part of the decree.

AFFIRMED.