Seekel v. Norman.

*A. W. Askwith,* for appellant.

*Walter I. Smith* and *J. E. F. McGee,* for appellee.

SEEKEL v. NORMAN *et al.*

1. **Practice:** RIGHT TO OPEN AND CLOSE ARGUMENT. In an action on notes, where the answer admits their execution, their assignment to plaintiff, and that they are unpaid, but sets up affirmative matter as defense, the burden of proof is on defendants, and they are entitled to the opening and closing arguments. The fact that the burden is on plaintiff to establish the estoppel pleaded by her does not alter the case. (See *Lowe v. Lowe,* 40 Iowa, 222.)

2. **Evidence:** ADMISSION: ERROR WITHOUT PREJUDICE. Where an objection to a question seems to be well taken, but is overruled, and the answer reveals the fact that it was well taken in form only, but not in fact, the error is without prejudice.

Seekel v. Norman.

3. **Instructions:** ASSUMPTION OF MATTERS IN DISPUTE: ASSUMPTION CONTRARY TO FINDING: REPETITION. Instructions asked are properly refused, (1) when they assume to be true matters which are denied (2) when they assume what the jury specially finds to be untrue; (3) when the substance of them is fully given in the charge of the court. (See opinion for illustrations.)

4. **Usury:** EVIDENCE TO SUPPORT VERDICT. Notes without interest were given for the purchase price of a farm, and at the same time collateral notes were given, each for the amount of fifteen per cent. of the purchase price. The whole agreement was such that the latter might be avoided, in whole or in part, by the more or less prompt payment of the former. *Held* that the evidence (see opinion) justified a verdict based on the finding that the collateral notes were usurious, being but part of a transaction to evade the usury law.

5. **Former Adjudication:** NOT MADE AN ISSUE. The effect of a prior adjudication by this court in the same case will not be considered on a second appeal, where such adjudication was in no way relied upon in the lower court.

6. **Verdict:** SPECIAL INTERROGATORY NOT ANSWERED: NO PREJUDICE. Where to a special interrogatory the jury answered, "Do not know," it was not prejudicial error for the court to refuse to require a categorical answer, where the answers to other interrogatories showed that such categorical answer, if given, would have been immaterial.

7. ————: SPECIAL FINDINGS: INTERPRETATION. Special findings will be understood and interpreted according to the evident intention of the jury, as shown by other and collateral findings, and not by the mere letter of the interrogatories to which they answer "yes" or "no."

8. **Evidence:** OFFERED AFTER CLOSE OF TRIAL: CUMULATIVE : DISCRETION OF COURT. It was within the sound discretion of the trial court to refuse plaintiff leave to offer newly-discovered evidence after the trial had closed and the charge was being read to the jury; and where the evidence was merely cumulative, and no diligence was shown to procure it in time, there was no abuse of discretion.

9. **Usury:** PRIOR PAYMENT: JUDGMENT FOR SCHOOL FUND. Where the principal debt has been fully paid, and more than enough of the usurious interest to equal the forfeiture provided by statute, the court should not, in an action upon collateral notes given for the usury, render judgment in favor of the school fund. (See *Easley v. Brand*, 18 Iowa, 132.)

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, OCTOBER 2, 1889.

ACTION to recover an amount alleged to be due on three promissory notes. There was a trial by jury, and a verdict and judgment for defendants. The plaintiff appeals.

*John A. Berry*, for appellant.

*S. H. Cochran, H. H. Roadifer* and *J. W. Barnhart*, for appellees.

ROBINSON, J.—In March, 1877, the defendant Norman purchased of the defendant Winch sixty acres of land situate in Harrison county. As a part of the transaction, Norman and defendant Williams entered into an agreement in writing with Winch. That recites that the land was sold for fourteen hundred dollars, on five years' time, without interest; that Norman and wife had executed to Winch their five promissory notes and mortgage for fourteen hundred dollars for said purchase price; that in consideration of a release by Winch of a mortgage on land in Nebraska, upon which Norman and Williams were jointly liable, and the sale of the land in Harrison county, on five years' time, without interest, Norman and Williams had executed their five joint promissory notes, each for two hundred and ten dollars, payable, without interest, in one, two, three, four and five years. The agreement then provides that the notes last described "shall not be sold or made payable to third or outside parties; that said Winch shall deposit four of said five notes with Cadwell & Fisk, bankers, with the understanding that, if said Norman shall pay to said Winch at the expiration of one year the full amount of his five promissory notes and mortgage, then the four notes of two hundred and ten dollars each shall be delivered to said Williams. If said Norman shall pay said fourteen hundred dollars at the expiration of two years, then said bank shall return to said Williams the last three two-hundred and ten-dollar notes. If the

said Norman shall pay the full amount of said purchase money to said Winch at the expiration of three years, then said bank shall return the last two two-hundred and ten-dollar notes to said Williams. If said Norman shall fulfill his contract, and pay said Winch the amount of unpaid purchase money at the expiration of four years, then said bank shall return the last two-hundred and ten-dollar note to said Williams. But if said Norman shall fail to pay the full amount due from him to said Winch, said bank shall, at the commencement of each year, deliver to said Winch, from the date hereof, one of said notes, and continue to do so during said term of five years, if not sooner paid, as above set forth. In case said Norman fails to pay any part of said fourteen hundred dollars, or to perform any other part of his contract of purchase of said land, said Winch having released said Nebraska mortgage, and taken the five notes of said Norman, without interest, it is agreed that two of the two-hundred and ten-dollar notes shall become due and payable, and shall be delivered by said bank to said Winch, and the others to be delivered to Williams." In fulfillment of this contract of purchase, Norman delivered to Winch his five notes, dated March 1, 1877, of which four were for one hundred dollars each, due respectively in one, two, three and four years; and one for one thousand dollars, due in five years. Norman and Williams also made their five notes for two hundred and ten dollars each, and delivered them, as required by the agreement. Norman paid to Winch two of the one-hundred-dollar notes, and two of the two-hundred and ten-dollar notes, and the remaining ones were sold by Winch to plaintiff in the year 1880. Foreclosure proceedings were brought on the notes made by Norman and the mortgage given to secure them, and payment enforced. In February, 1883, plaintiff commenced this action to recover the amount of the three two-hundred and ten-dollar notes. Judgment by default was rendered against Winch. Norman and Williams appeared and made defense. They claim that plaintiff is not the real party in

interest; that the assignment to her was without consideration, and made to evade the usury laws of Iowa; that the notes were given for usurious interest, computed at the rate of fifteen per cent. per annum, on the fourteen hundred dollars, which constituted the purchase price of the sixty acres of land; that the notes were to have been delivered to Williams upon the happening of a certain contingency, and that said contingency occurred prior to the assignment of the notes to plaintiff; that the notes were wrongfully taken from the bank, and were never delivered to Winch.   The plaintiff, in reply to the claims of defendants, alleges that she purchased the notes in suit in good faith, after they had been delivered to Winch, without notice of any of the alleged defenses of defendants; that, prior to their purchase of Winch, Norman stated to her, at different times, that the notes were all right, and would be paid when due; that, relying upon such statements, she purchased the notes; that after she had purchased them, and before she had commenced suit thereon, Norman repeated said statements; and that she relied upon them, and believed that the notes would not be contested. This is the second appeal.   The opinion on the first appeal will be found in 71 Iowa, 264.

I.   On the last trial in the court below plaintiff claimed that the burden of proof rested upon her, and

1. PRACTICE: right to open and close argument.

that she was entitled to the opening and closing arguments.   Her claim was denied by the court, and the opening and closing were awarded to defendants.   In so ruling the court did not err.   The answer of defendants admitted the making of the notes, and their assignment to plaintiff, and did not deny that they were unpaid.   If no evidence had been offered, plaintiff would have been entitled to judgment on the pleadings.   The fact that the burden was on her to establish the estoppel pleaded did not alter the case.   She could not properly have offered evidence until the defendants had made a *prima-facie* defense.   See *Lowe v. Lowe*, 40 Iowa, 222.

Seekel v. Norman.

II.   Defendant Williams testified on the trial below that he did not think he was present at the settlement between Norman and Winch, made in March, 1877, when the agreement of purchase was entered into; that he heard something said in regard to the rate of interest for which the notes were given; that he did not recollect having heard Winch say anything about it; that it was talked over among them.   He was then asked :   "What rate of interest did he say he was figuring on?"   The question was objected to "as incompetent, immaterial and irrelevant, it not having been shown that Winch was present;" but the objection was overruled, and the witness answered :   "Fifteen per cent."   It is true that the question did not seem to be authorized by the previous answers of the witness; but the objection was technical, rather than substantial.   The witness could not have answered the question if Winch had not been present to speak of the rate of interest.   The plaintiff cross-examined the witness in regard to the matter, and no prejudice could have resulted from the overruling of the objection.

*2. EVIDENCE: admission: error without prejudice.*

III.   Appellant complains of the refusal of the court to give to the jury certain instructions asked by her, and in failing to charge the jury fully in regard to the alleged estoppel.   The instructions refused were as follows :   "(1) If there was any usury in the notes in suit, defendant Norman was bound to disclose the same, when asked by plaintiff's husband if the notes were all right; and, if he did not, on this he is excluded and estopped from afterwards setting it up. (2)   If defendant Norman encouraged plaintiff in any manner to buy the notes in suit, he is estopped from claiming that the notes in suit are not good.   (3)   The defendant Norman having admitted that, when he was asked by plaintiff's attorney, John A. Berry, to pay the notes in suit, he at that time said nothing about the notes in suit being usurious, and that he did not claim that they were usurious until that question was raised

*3. INSTRUCTIONS: assumption of matters in dispute: assumption contrary to finding: repetition.*

in court, he is now estopped from setting up the plea of usury as a defense to this action. (5) There can be no usury when the exorbitant interest complained of may be avoided by a prompt payment of the principal at the option of the defendant." The first and third instructions assumed to be true matters which were denied, and for that reason, at least, were properly refused. No prejudice could have resulted from the refusal to give the second, for the reason that it was given in substance in the charge of the court, and for the further reason that the jury found specially that Norman did not encourage the purchase of the notes, as claimed by plaintiff. The court instructed the jury quite fully in regard to the law of usury, so far as it was relevant to the matters in dispute; and the fifth instruction asked was not applicable to the facts in this case. It was therefore properly refused. The omission of which plaintiff complains was the failure of the court to state that if she relied upon the representations of Norman, having brought this action, and incurred costs and expenses, an estoppel has been established. That portion of the charge which was considered by this court on the former appeal was modified, as given on the last trial, by omitting that portion which referred to prejudice or injury to plaintiff, and by adding a statement to the effect that plaintiff would be entitled to recover if the notes in suit were for usurious interest, and if the declarations in question were made by Norman, and relied upon by plaintiff, when she purchased the notes. We think this cured the defect noticed on the former appeal. Furthermore, as already stated, the jury found that the declarations claimed were not made.

IV. It is insisted by appellant that the verdict was not sustained by the evidence, for the reason that the agreement upon which the alleged usury 4. Usury: evidence to support verdict. depends is executory, not requiring absolutely the payments named, and that the payment of the three notes in suit could have been avoided by the payment of fourteen hundred dollars, the price of the land, within two years. But the five two-hundred and

ten-dollar notes were a part of the same transaction, and delivered upon the same consideration. As we understand the agreement, if the sale was perfected, Norman was requested to pay the five notes, amounting in the aggregate to fourteen hundred dollars, and one of the two-hundred and ten-dollar notes; thus paying the purchase price, and fifteen per cent. interest thereon for one year. The sale was completed, and the provisions of the agreement in regard to the five-two hundred and ten-dollar notes became operative. The jury found specially that the Nebraska mortgage formed no part of the consideration for which they were given, but that they were given solely for usurious interest. The facts as found by the jury show that they were not designed, and cannot be treated, as penalties. The evidence tended to show that they were given as a device to evade the law against usury. The question of usury was fairly submitted to the jury by means of instructions and special interrogatories, and we are of the opinion that the evidence is sufficient to sustain their verdict.

V. It is claimed that since the notes in controversy and the notes for fourteen hundred dollars were all given as a part of one transaction, the latter cannot be usurious if the former were not; and that it was decided in *Seekel v. Norman*, 63 Iowa, 128, that a portion of the former were not usurious. The adjudication in that case does not seem to have been made an issue in the court below. There is no reference to it in the pleadings, nor does it appear in the evidence submitted, and we find it unnecessary now to consider its effect.

5. FORMER adjudication: not made an issue.

VI. In response to the interrogatory, "Had the plaintiff * * * any knowledge that the notes in suit were usurious at the time she purchased them?" the jury answered, "Do not know." Appellant contends that an answer in the affirmative or negative should have been required. The jury found specially that plaintiff made no inquiry of Norman, before purchasing the notes, as to whether

6. VERDICT: special interrogatory not answered: no prejudice.

they "were all right, and would be paid ;" that Norman did not state to plaintiff, before the notes were purchased, that they were all right, and would be paid ; and that plaintiff did not in any manner rely upon such representations in purchasing the notes. In view of these special findings, the knowledge of plaintiff as to the usurious character of the notes at the time she purchased them was immaterial, and no prejudice could have resulted to defendant from the failure of the jury to give a different answer to the interrogatory in question. The cases of *Darling v. West*, 51 Iowa, 259 and *Fisk v. Railway Co.*, 74 Iowa, 427, are not, therefore, in point.

VII. The fifth special finding was as follows : " Did the notes, aggregating eighteen hundred and thirty dollars, purchased by plaintiff by reason of such representations, embrace the notes in suit ? *Answer.* Yes." Appellant contents that this was equivalent to a finding that the notes in controversy were purchased by plaintiff by reason of certain representations made by Norman. But an examination of all the special findings makes it clear that the jury did not intend the one question to have that effect, and that the answer was not intended to be responsive to the words, "by reason of such representations," as applied to the notes in suit. Some of the evidence tended to show that representations were made by Norman in regard to the other notes purchased by plaintiff, and the jury may have understood that those were the representations to which the interrogatory referred.

7. ——: special findings: interpretation.

VIII. After the close of the evidence, and while the court was reading its charge to the jury, plaintiff asked permission to offer additional testimony alleged to have been newly discovered. It is alleged that the evidence would have been given by one Woolner, and that his knowledge of the case was known to plaintiff but a short time before the application was made. The evidence was cumulative in its character, and no diligence to procure it is shown. Woolner had been a bookkeeper of the husband of plaintiff for fifteen years, and

8. EVIDENCE: offered after close of trial: cumulative: discretion of court.

during that time was in confidential relations with him. The husband seems to have acted as the agent of plaintiff in the purchase of the notes, and to have been concerned in this litigation. We cannot say that there was an abuse of the discretion of the court in refusing the permission asked.

IX. Appellant insists that the court erred in not rendering judgment against appellees, and in favor of the state for the use of the school fund.

9. Usury: prior payment: judgment for school fund.

Whether the appellant has such an interest in this question as to be authorized to raise it we need not determine. The evidence shows that the principal sum has been fully paid, and the jury found that the notes in suit were given solely for usurious interest. The evidence shows that a considerable amount—in the aggregate, more than enough, as claimed by appellee, to equal the forfeiture authorized by statute—has been paid on the notes given with those in suit. If the claim of appellees is correct, the case falls within the rule announced in *Easley v. Brand*, 18 Iowa, 132 ; for all the notes must be regarded as forming a part of one contract, and the judgment contended for would not be proper. This conclusion is not in conflict with anything said by this court on the former appeal.

X. We have examined all the questions discussed by counsel for appellant, but find no reversible error. The judgment of the district court is

AFFIRMED.