BERTHA NIEMAND, Appellee, v. CHRISTIAN SEEMANN ET AL.,
                        Appellants.

136   713
f139  222

**Wills:** PROBATE: *res judicata:* EQUITABLE ACTION. Where parties
    appear and object to the probate of a will on the ground that
    it is invalid and upon a hearing the instrument is admitted to
    probate, the order for probate is an adjudication of its valid-
    ity; and that question cannot be again litigated by the same
    parties in an equitable action to set the will aside.

*Appeal from Clay District Court.*— HON. W. B. QUARTON,
                        Judge.

MONDAY, DECEMBER 16, 1907.

ACTION in equity to set aside the probate of a will.
The hearing resulted in a decree in favor of plaintiff, and
the defendants appeal.— *Reversed.*

*Milchrist & Scott,* for appellants.

*F. F. Faville,* for appellee.

BISHOP, J.— The instrument admitted to probate was
executed in March, 1895, by John Seemann and Maria See-
mann, husband and wife. It is recited in the instrument
that the said parties do " make and declare this our last
will," etc. ·Two specific bequests follow, one to a son, Chris-
tian, and one to a daughter, Bertha, the latter being the
plaintiff in this action, and it is then provided that all the
balance shall be divided equally among three of the testators'
children, Christian, Karl, and Mina, " and we hereby ap-
·point our son Christian to be our sole executor of this our
last will and testament, *which shall not be executed till six
weeks after we are both dead."* The italics are ours. The
instrument was signed by both, and properly witnessed.

This action was commenced by the daughter Bertha in 1905, and the petition recites the death of John Seemann in January, 1900, and of Maria Seemann in September, 1904; that the instrument of will to which we have referred above was offered for and admitted to probate in the Clay district court April, 1905. It is then asserted that the instrument is uncertain in its provisions; that it is not an instrument known to the law as a will, but is invalid and void as such, in consequence of which no property rights were acquired by the legatees and beneficiaries named therein in the property of the decedents by virtue of the same. The prayer is that the instrument be construed and interpreted, and that it be decreed to be a nullity and void, incapable of conferring any rights to the property of the decedent, and that a decree be entered canceling and setting the same aside.

The defendants, who are the legatees and beneficiaries aside from plaintiff, answered admitting the execution by their parents of the instrument as alleged in the petition, that said parents died as alleged, and that at the time of their death they were each the owner of real and personal property. There follows an affirmative allegation to the effect that the will " is clear and definite in its provisions, and, without ambiguity, devises and bequeaths the property of said testators." All other allegations of the petition were denied. It is then specially alleged that prior to the said will being admitted to probate this plaintiff appeared and objected on grounds as follows: That the instrument was not executed as required by law; that it shows on its face that it is not a complete instrument; that it is not an instrument subject to probate as the will of either of the decedents, and is invalid and void as a will. Further, that, at the submission of said will for probate, plaintiff appeared, waived a trial by jury, and consented to the submission of her objections to the court on the evidence offered. And it is said that the matter was so heard, and that at the conclusion of the hearing — as recited in the order entered —" the court

having heard the proofs and examined the instrument, . . . and having heard the testimony of the subscribing witnesses," found that the instrument should be admitted to probate, and it was ordered accordingly. It is then insisted that, by reason of the facts so pleaded, plaintiff became estopped and concluded from further interposing objections to the legality of said will.

The case coming on for trial, the plaintiff moved for judgment on the pleadings for the reason that upon a construction of the instrument set out in the petition she was entitled to a decree as prayed, and that no legal defense to the action was presented by the answer. Pending the motion the parties agreed in open court that the cause should be regarded as submitted for final decision on the pleadings. The decree as entered was in accordance with the prayer of the petition.

I. It is appropriate that we consider first the effect of the matter pleaded in estoppel, for if the plea is good the case must be considered at an end. The precise question may be stated thus: Conceding the facts of the answer, did the proceedings taking place in the probate court, as pleaded in the answer, amount to a prior adjudication of the issuable matter tendered by the petition in this action so as to call for an application of the doctrine of *res adjudicata?* Necessary to an affirmative answer to this question, out of the probate proceedings three things must appear: Jurisdiction in the court to hear and determine; that the substantial issue there was as here; that such issue was heard and determined of record. We are clearly of the opinion that the facts of the answer fairly make disclosure of these necessary matters. First, as to jurisdiction to hear and determine. We have in this State one court of general jurisdiction — the district court — to which is committed the disposition of all matters arising at law or in equity, all matters criminal, and in probate. Separate dockets are kept, of course, but this is for convenience only, and

the court at one sitting and without requirement of formality may go from one to the other as may be expedient or required by the state of the business before it. Sitting in probate, the court has " original and exclusive jurisdiction to probate the wills of, and to grant administration upon the estate of all persons," etc., and " shall have jurisdiction in all matters in relation to  .  .  .  the management and disposition of the property of and settlement of such estate," etc.  Code, section 225.

II.   Respecting the probate of a will, it is the statutory provision that after the will is produced it shall be read by the clerk and a day fixed for proving it.  " When the probate of a will is contested, either party to the contest shall be entitled to a jury trial thereon," and the result of the trial is conclusive upon the parties, unless set aside or reversed on appeal.  Code, section 3283; *Smith v. James,* 74 Iowa, 462.   Ordinarily the only matters necessary to be considered and determined on the hearing are whether there has been execution in accordance with the formalities prescribed by statute, and whether the testator had mental capacity at the time of execution.  It has been repeatedly held that proof of such matters is alone essential to probate. The court is not at the time charged with the duty of placing a construction upon the will.   *Murphy v. Black,* 41 Iowa, 488; *Otto v. Doty,* 61 Iowa, 23; *In re Sternberg's Estate,* 94 Iowa, 308.

And this is because fundamental in the law of wills is the general doctrine that the effect of an order admitting a will to probate goes no farther than to establish the will as an instrument of evidence.   *Lorieux v. Keller,* 5 Iowa, 196; *Fallon v. Chidester,* 46 Iowa, 588.

But, to the end that the intention of the testator may be ascertained and given effect, it would seem that, of necessity, there must be jurisdiction in the court to proceed at some time during the course of administration to an inter-

pretation of the will.    And it has been so decided.    *Jordan v. Woodin,* 93 Iowa, 453.

In the very nature of things, jurisdiction to interpret carries with it the power to determine upon the validity of the provision of the instrument of will, one or all.    And jurisdiction having been invoked, and the question of validity heard and determined of record, on familiar principle, it would seem that the matter must be at an end; the adjudication becomes final unless disturbed on proper proceedings brought for review.    That the jurisdiction in such cases is not exclusive is not material.    It is enough that the court is authorized to deal with the subject-matter.    In this view, and conceding that in general an order for probate requires no more than proof, *prima facie,* of due execution and mental capacity, we perceive no grounds for holding that, when probate of a will is resisted, the court may not inspect its provisions and pass upon the validity of the instrument as a will — that matter being within the issue tendered by the contestant.    To illustrate: suppose our statute to provide that a man having a family may not devise any portion of his property to a corporation.    A will is offered, conceded to be correct in form and manner of execution, and no question is made respecting the mental capacity of the testator.    But contest is brought because, as alleged, the testator left surviving him a widow and children, and an inspection of the will discloses that there has been an attempt made to devise the entire estate to a corporation, and on this issue the court without objection proceeds to a hearing, and, finding the allegations true, enters judgment denying probate.    Surely, there can be no good reasons for holding that such finding and judgment was in excess of authority, and that the parties ought not to be and were not bound thereby. There could be no justification for permitting the parties to thereafter approach the same court — but on the equity side of the docket — with a demand that the same question be again heard and determined.    And this conclusion finds

direct support in what is said by Rothrock, J., speaking for the court, in *Leacox v. Griffith,* 76 Iowa, 89. It would seem after all that the whole matter resolves itself into a question of practice. Now, as related to actions at law and actions in equity, it is expressly provided by statute that an error to the kind of proceedings adopted shall be followed by no more serious consequence than a change into the proper proceedings and a transfer to the proper docket. Code, section 3432. And a failure to move for a correction of the error is to waive such error. And the court may proceed to hear and determine as the merits of the case may require. Code, section 3437; *Richmond v. Railway,* 33 Iowa, 422. By analogy, the rule of the statute is applicable in many respects to matters brought or proper to be brought in probate. And in effect we have frequently so held. Thus, in *Ashlock v. Sherman,* 56 Iowa, 311, a proceeding was instituted in equity which should have been in probate, and it was held that the same should have been transferred to the proper docket on motion. See, also, *McName v. Malvin,* 56 Iowa, 362; *Bank v. Green,* 59 Iowa, 171; *Goodnow v. Wells,* 67 Iowa, 654; *Baugh v. Barrett,* 69 Iowa, 495. Without pursuing the subject further, we conclude that as the court before which the proceedings took place had jurisdiction to hear and determine the questions raised upon the presentation of the will, and as the form of procedure was not challenged and the court did proceed to a hearing and determination, the binding effect of the judgment could not thereafter be made the subject of collateral question. And especially should this be the rule where, as here, jurisdiction was invoked by the party thereafter seeking to destroy the effect of the judgment.

Coming to the second phase of the subject, it requires no more than a reading of the pleadings to make it clear that the parties to the proceeding in the probate court were the same as are before the court in the present action, and the substantial issue there was as here. So, also, there can

be no doubt but that the issue was determined.   The court must have found the contention for invalidity in the will without merit, or the order admitting the will to probate would not have been entered.   Having reached the conclusion expressed foregoing, we have no need to go farther to reach a disposition of the appeal.   We may add, however, that it does not seem that any serious difficulty in carrying the will into execution substantially in accord with the provisions thereof need be apprehended.

Being wrong, the decree of the court below must be, and it is, *reversed.*