In the Matter of the Estate of WILLIAM HEAVER, Deceased. WM. C. HOY et al., Minors, S. E. HOY et al., their Guardians, Appellees, v. THOMAS HEAVER et al., Heirs of William HEAVER, Deceased, Appellants.

**ACTIONS:** Kind of Proceeding—Wrong Calendar—Effect. Whether
1  plaintiff dockets and tries his cause on the law, equity or probate side of the calendar is immaterial unless objection is made thereto. (Secs. 3432, 3433, 3434, Code.)

**JUDGMENT:** Estoppel—Necessity to Plead. Former adjudication
2  must be specially pleaded. (Sec. 3629, Code.)

**TRUSTS:** Construction of Instrument—Intention. In the construc-
3  tion of an instrument the court will rather apply the words to fulfil the intent, than to destroy the intent by reason of the insufficiency of the words.

PRINCIPLE APPLIED: A party in order to make equal distribution of property among his adult and minor heirs:
1.  Made certain cash advancements to his adult heirs;
2.  Took an interest-drawing mortgage payable to himself as trustee for the various named minor heirs in an aggregate principal sum exactly equal to what he would have paid the minors

had they been adults, said mortgage specifying the separate amounts to be paid each heir when he reached majority. These minors attained majority in from two to eighteen years after the mortgage was given. The mortgage did not specifically say that the accruing interest should be held by the trustee ''for the use and benefit of the minors,'' but provided that the trustee might collect the same annually and use it in caring for the minors if necessary in his judgment. The trustee died and his estate was settled. Later, certain of his heirs claimed that the ''interest'' on the mortgage belonged to his estate and not to the minors. *Held*, the adult children received their share in cash and that it was the intent in deferring minors' share to equalize by giving them the principal *and interest*.

*Appeal from Floyd District Court.*—Hon. C. H. Kelley, Judge.

Saturday, January 23, 1915.

Suit by the guardian of Cyrus William Hoy and Thomas Albert Hoy asking that certain mortgagors be instructed to pay the share belonging to each minor to his guardian. Decree was entered as prayed, from which Lucretia Shafer, Ada Della Hoy, and William Thomas Heaver appeal.—*Affirmed.*

*Frank Lingenfelder,* for appellants.

*H. L. Lockwood,* for appellees.

Ladd, J.—William Heaver died December 28, 1911, and his estate has been finally settled. He appears to have made advancements to his children who had attained their majority and on November 29, 1910, loaned $3,200 to Ada Della Hoy and C. E. Hoy. They executed a mortgage conveying eighty acres of land in the usual form conditioned ''that if the said Ada Della Hoy and C. E. Hoy their heirs, executors, administrators, or assigns shall pay, or cause to be paid to said William Heaver, his heirs or assigns, the sum of $3,200.00 as hereinafter specified with interest on all of said sum at the rate of 5% per annum payable annually, and if interest is not

paid when due to draw interest at the rate of 8% per annum to wit:

"One Thousand Dollars ($1,000.00) of said sum to be paid to said William Heaver for the use and benefit of William Thomas Heaver, minor son of the said William Heaver, when the said William Thomas Heaver attains his majority, to wit, on December 27th, 1912, and which sum is to be paid over to the said William Thomas Heaver when he arrives at his majority.

"One Thousand Dollars ($1,000.00) of said principal sum to be paid to the said William Heaver for the use and benefit of his grandson Cyrus William Hoy, minor son of his daughter Hannah Hoy, now deceased, when the said minor attains his majority, to wit, March 7th, 1920, and which sum is to be paid over to the said minor by said William Heaver when said minor attains his majority.

"One Thousand dollars ($1000.00) of the said principal when due to be paid to the said William Heaver for the use and benefit of his grandson Thomas Albert Hoy, minor son of his daughter Mary Anne Hoy, now deceased, when the said Thomas Albert Hoy shall attain his majority to wit: On the 10th day of May, 1923, and which sum shall be paid over to the said minor by the said William Heaver when the said minor attains his majority.

"Sixty-Six and two-thirds Dollars ($66⅔) of the said principal sum to be paid to the said William Heaver for the use and benefit of Marion Hoy grandson of the said William Heaver and minor child of Daisy Maud Hoy, deceased, when the said minor shall attain his majority, to wit, on October 26, 1924.

"Sixty-Six and two-third Dollars ($66⅔) of said principal sum to be paid to said William Heaver for the use and benefit of James Eliot Hoy, grandson of said William Heaver and minor son of Daisy Maud Hoy, deceased, when the said James Eliot Hoy shall attain his majority, to wit,

Nov. 26th, 1926, which said sum shall be paid over to said minor when the said minor attain his majority.

"Sixty-Six and two-thirds Dollars ($66⅔) of which principal sum shall be paid to the said William Heaver for the use and benefit of Merril Hoy grandson of said William Heaver and minor son of Daisy Maud Hoy, deceased, when the said Merril Hoy shall attain his majority, to wit: On June 6th, 1928, which sum shall be paid over to said minor by the said William Heaver when the said minor attains his majority.

"IT IS UNDERSTOOD that the said William Heaver may collect the interest due upon each of the said sums annually, and use the same towards the care and maintenance of the said minors if necessary in his judgment.

"That this instrument is intended to secure a part of the purchase money for the said land and to secure to each of the living children of the said William Heaver and of Hannah Heaver now deceased, his equal share of the proceeds of the sale of the said land, the said Ada Della Hoy, and Lucretia Schafer being each paid $1,000.00 cash in hand and to secure to Cyrus William Hoy, only son and heir of Hannah Hoy, deceased, who was a daughter of said William and Hannah Heaver, the share that would have gone to the said daughter if living, and to secure to Thomas Albert Hoy, son of Mary Ann Hoy deceased, daughter of the said William and Hannah Heaver, the share that the said daughter would have received if living and to secure to Marion Hoy, and to James Eliot Hoy and to Merril Hoy, minor children of the said Daisy Maud Hoy deceased, who was a daughter of the said William and Hannah Heaver, the share that the said Daisy Maud Hoy would have received if living, she having already received the sum of $800.00."

Here follow provisions relating to the maturity of the instrument by the failure to pay interest or taxes and for the taxation of attorney's fees, not necessarily to be set out. The petition is by S. E. Hoy, as guardian of Cyrus William Hoy and Thomas Albert Hoy, recites the execution of the mort-

gage, the death of William Heaver and prays that an order be made directing the mortgagors "to turn over the sums coming to said minors to the guardian of said minors or make some order to whom said interest should be paid which will protect the mortgagors and the parties interested in said fund." No answer or objection was filed and we only discover who is resisting from the recital that Lucretia Shafer, Ada Della Hoy and William Thomas Heaver have perfected an appeal. The first two are said in the mortgage to be daughters of deceased and the last a minor son and beneficiary under that instrument.

I. It is first argued that the petition is in probate but should have been in equity. The only evidence that it is in probate appears from the title of the case, "Wm. C. Hoy and others vs. Thomas Heaver and others," under the heading: "In the matter of the Estate of William Heaver, deceased" with the words "In probate" above. The record disclosed that the estate of William Heaver was finally settled February 4, 1913, and the petition herein was not filed until December 13th of that year. Assuming, however, without deciding that it was filed in probate and that the three persons mentioned resisted the granting of the relief prayed in the petition, they are in no position to complain that the hearing was in probate rather than in equity. The record does not disclose that this question was raised in the trial court and it cannot be bruited for the first time here. *Easton v. Summerville,* 111 Iowa 164; *Filkins v. Severn,* 127 Iowa 738; *Niemand v. Seemann,* 136 Iowa 713; *Ashlock v. Sherman,* 56 Iowa 311; *McName v. Malvin,* 56 Iowa 362; *Des Moines Svgs. Bank v. Jewelry Co.,* 123 Iowa 432.

1. ACTIONS: kind of proceeding: wrong calendar: effect.

All proceedings, whether probate, equity, or law, are before the same court. *Tucker v. Stewart,* 121 Iowa 714; *Goodnow v. Wells,* 67 Iowa 654.

Forms of action only differ and these are not controlling. They are adopted for purposes of efficiency in and not as a

clog to the administration of justice. The remedy to which either party is entitled may be awarded in utter disregard of the place on the calendar. The cause may be docketed, whether with the actions at law, suits in equity or with the estates in probate, unless objection is raised in the manner prescribed by statute. Secs. 3432, 3433, 3434, Code. In the absence of any motion to transfer to the .proper place, the parties are presumed to assent to the trial of the cause where instituted and cannot thereafter be heard to complain on this ground. *Smith v. Haas,* 132 Iowa 493; *In re Estate of Douglas,* 140 Iowa 603; *Campbell v. Collins,* 152 Iowa 608.

II. It is next argued that the terms of the mortgage have been construed adversely to the petitioner in an order approving the final report of the administrator of the estate

2. JUDGMENT: estoppel: necessity to plead.

and therefore that he is estopped thereby. It is enough to say that the plea of former adjudication is not available as a defense unless specially pleaded. *Cooley v. Brayton,* 16 Iowa 10; *Van Orman v. Spafford,* 16 Iowa 186; *Carleton v. Byington,* 24 Iowa 172, 175. See *Seekel v. Norman,* 78 Iowa 254; *Campbell v. Ayres,* 6 Iowa 339.

*George v. Gillispie,* 1 G. Greene 421, appears to have been overruled by the first two decisions.

*Larum v. Wilmer,* 35 Iowa 244, is not inconsistent with the decisions cited, for it was there merely held that a conclusion of fact established by a previous judgment might be shown in evidence in support of an issue even though not pleaded by way of an estoppel. Though this might make out a prima-facie case it could not be regarded as conclusive unless specially pleaded as such. *Wann v. McNulty,* 7 Ill. 355; 43 Am. D. 58. The general rule obtains that estoppels to be available must be pleaded and there is no occasion for making an exception of those based on prior judgments. (See cases collected in 23 Cyc. 1523.)

III. Nor do we think the court erred in construing the mortgage. William Thomas Heaver had released all his right,

title and interest in and to the mortgage on the margin of the record and therefore was not concerned as to what disposition might be made of the interest. If the interest under the terms of the mortgage belonged to deceased, the other appellants would be entitled to share it. The mortgage as a whole indicates quite clearly, however, that the intention of the parties thereto was that the interest accruing should pass to the respective beneficiaries.

3. TRUSTS : construction of instrument: intention.

In the first place, the expressed object of the mortgage was to equalize the amounts given to his living children and the offspring of those who had departed this life. This would not be accomplished by paying appellants $1,000 each and William Thomas Heaver a like amount two years later without interest, and the children of the three deceased daughters the naked amounts which would have been paid to them had they been living, from ten to eighteen years later, without anything for the lost use. If equality were to be accomplished, the beneficiaries must be accorded the respective amounts specified as of the date cash payments were made to appellants. The mortgage was to deceased as trustee for the several persons named as *cestuis que trustent*. The several sums to be paid the trustee exactly equal the amount loaned to the mortgagors and though the interest is made payable to deceased, as is the principal, there is no express promise to pay such interest to him for the use of the *cestuis que trustent;* but, as indicated above, this is to be implied from the recitals with reference to equalizing the shares and from the provision, following the stipulation respecting the several payments, that "Heaver may collect the interest due upon each of the said sums annually and use the same towards the care and maintenance of said minors if necessary in his judgment." If the interest belonged to him, there was no occasion for this last clause, for in that event he would collect the interest without it and might do with interest as he pleased. Of course, the trustee would collect the interest regardless

of which construction were to be given, but from the permission to make the use specified is to be inferred that when not necessary to the care and maintenance of the minors, he cannot use the money but must retain it for them. Every contract is to be construed so as to carry out the intentions of the parties, and though this is somewhat doubtful, we are of opinion that when construed as a whole and especially with respect to the design expressed therein, each beneficiary is entitled to the interest accruing on the amount payable to him. The district court so held and its decree is—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.