## MERRITT v. WOODBURY & DAWLEY.

1. PROMISSORY NOTE: NOTICE OF PROTEST. Notice of the non-payment of a promissory note may be oral or verbal, or it may be in writing.

2. PLEADINGS: UNDENIED ALLEGATION. An allegation in the petition, which is undenied in the answer, will be regarded as admitted.

*Appeal from Webster District Court.*

MONDAY, DECEMBER 22.

ACTION on a promissory note. The facts are stated in the opinion.

*Hull* for the appellant.

*Duncombe* for the appellee.

BALDWIN, C. J.—This suit is upon three promissory notes against Woodbury & Dawley, as makers, and E. H. Alber, as indorser. Alber was the payee of said notes, and following the indorsement to the plaintiff are the words: "Protest waived." Alber's defense is, first, want of notice of presentment, and notice of non-payment by the makers; second, the surrender by the indorsee of a certain note on Snell, Butterworth & Wisner, placed in his hands as collateral security for the notes so indorsed by the said Woodbury & Dawley. The question whether the appellant Alber, after "waiving protest," was entitled to notice of the non-payment by the maker becomes unimportant, from the fact that the plaintiff alleges notice notwithstanding the waiver. The evidence shows, that this notice was verbal, and to its introduction the appellant objected, and assigns its admission by the Court as error. It is not necessary that such notice should be in writing; "it may be oral or verbal, or it may be in writing; it may be oral or verbal in all cases where it is made directly to the person who is to receive the notice." (See Story on Prom. Notes, § 341.) The evidence tended to show that such verbal notice was made to the appellant in person by plaintiff, and was, therefore, admissible. Whether such verbal or oral notice was given at the time, and in the manner, as is claimed by the plaintiff, was a question of fact for the jury to determine from the evidence.

As to the second defense set up in the answer, the plaintiff replies, that the note placed in his hands as collateral, was given without consideration, and that he surrendered it in pursuance of the terms of the agreement under which it was placed in his hands. To this replication, setting up this affirmative matter, there is no issue made by the appellant, and it is, therefore, to be regarded as admitted.

. The judgment is affirmed.