## CARLETON v. BYINGTON.

1. Foreclosure: PERSONAL JUDGMENT. In the foreclosure of a mortgage it is error to render a personal judgment against a subsequent purchaser of the mortgaged premises, who was not a party to either the note or mortgage.

2. New trial: ERROR WITHOUT PREJUDICE. The Supreme Court will not reverse the judgment below, because of a refusal of the court to give an instruction which was abstractly correct, when the special verdict shows that the appellant suffered no prejudice by reason of such refusal.

3. Pleading: REPLICATION: FORMER ADJUDICATION. A replication is allowable, under the Revision, only when a counter-claim, set-off, or cross-demand is alleged in the answer; and it is not necessary to set up a former adjudication specially as a replication to defendant's answer, to lay the foundation for evidence thereof responsive to the defense set up by such answer.

### Appeal from Johnson District Court.

#### FRIDAY, DECEMBER 28.

THIS case relates to the same transaction, referred to in the cases, between the same parties, reported in 17 Iowa, 579, and 18 id. 482. Plaintiff now seeks to recover the interest on the note from November, 1861, to November, 1863, and the foreclosure of the mortgage. The note was made November 16, 1855, payable in ten years, with interest semi-annually, and this petition asks, that the money arising from the sale of the mortgaged premises may be applied to the payment of the principal sum, as well as the interest, a suitable rebate of interest being made for the amount not yet due. From the decree in favor of plaintiff, the defendants, Le Grand and Charles E. Byington, appeal.

*Fairall & Boal* for the appellants.

*Smyth & Young* for the appellee.

WRIGHT, J. — I. The defendant, Charles E. Byington, was not a party to the mortgage — never undertook nor assumed to pay the same; the petition does not so charge, nor is there any claim, that he is personally liable for the debt thereby secured. Under such circumstances it was, of course, error to render a personal judgment against the said Charles, and to this extent the judgment below must be reversed.

1. FORECLO-SURE: personal judgment.

II. The said Charles held the land covered by the mortgage by title derived from his co-defendants, Le

*2. NEW TRIAL: error without prejudice.* Grand and wife, but this, as the jury specially found, was subject and subordinate to plaintiff's mortgage.

The other questions in the case relate to the appellant, Le Grand Byington. And these, in view of the prior cases, between these parties and the points there ruled, demand no more than a passing notice.

The jury found for the plaintiff generally, and also responded to certain specific interrogatories adverse to the positions assumed by defendants. Certain instructions were asked and refused which state the law correctly, and if we had nothing beyond the general verdict, we should feel constrained, because of such refusal, to reverse the judgment below.

The special findings, however, satisfy us that there was no prejudice to defendants in refusing these instructions and that we should not, therefore, interfere. A reference to one of the many instructions will serve to show the correctness of this view. Defendants asked the court to instruct "If the jury are satisfied that Le Grand and Mary Byington never signed, or executed or acknowledged said paper, purporting to be a mortgage, after the same was written, or expressly ratified the same as a mortgage deed afterward, the plaintiff is not entitled to foreclosure thereon in this action." The jury found that the mortgage was the deed of the said Le Grand, but not of the said Mary.

There was no judgment against the said Mary, and as the jury found as one of the facts in the case, that the mortgagor (Le Grand) did execute said mortgage, the refusal to give an instruction based upon the opposite theory, though the instruction may have been abstractly correct, worked no prejudice.

It was asked upon the hypothesis that the mortgage was not defendant's deed.

The jury found the fact otherwise, and defendant cannot, therefore, complain. And this reasoning applies to all the instructions asked upon this subject, as also those relating to the former adjudication.

Upon this latter point the jury also found specifically against plaintiff's theory. Or if there was, by possibility, a technical error on this last issue, the testimony abundantly sustains the judgment below, without reference to the former adjudication. Indeed, a contrary finding or verdict would have been so clearly against the evidence that it should at once have been set aside.

III. Appellant insists that the court erred in receiving evidence of the former adjudication, because the same

3. PLEADING: was not set up or specifically replied to
replication: defendant's answer. Our system of plead-
former adjudi-
cation. ing does not contemplate a replication as necessary to let in such proof. Defendants did not set up in their answer a counter-claim, set-off, or cross-demand, and it is only in these cases that a replication is allowed (Rev. § 2895). Two or three cases are referred to by appellant as favoring his position.

The only one the least in point is *Van Orman* v. *Spafford* (16 Iowa, 186). What is said in that case, however, on page 193, as to the necessity of pleading a former adjudication, must be taken in connection with the fact, that such pleading related to the response to a cross-bill, or an answer in the nature of a cross-bill. In equity, the cross-bill is defendant's case, and plaintiff answers, rather than replies, and the authority is not, therefore, applicable.

IV. The order directing the sale of so much of the premises as might be necessary to satisfy the judgment for the interest as well as the principal sum, rebating

the interest to accrue between the time of sale and the maturity of the note and mortgage, was warranted by the provisions of the statute (Rev. § 3667). This principal was another lien within the meaning of the law, and in this respect therefore there was no error. And see *Adams* v. *Essex*, 1 Bibb. 149 ; 2 Hilliard on Mortg. 106.

The judgment against Charles E. is reversed — as against Le Grand affirmed — the plaintiff and said Le Grand, each paying half the costs of this appeal.