## LARUM v. WILMER.

1. **Judgment:** RES ADJUDICATA. The objection that a prior adjudication, pleaded as an estoppel, was between other parties, is not well taken when it appears that the person making the objection was a party to the former suit, though in connection with other persons who were also parties thereto.

2. —— PLEADING: EVIDENCE. The record in the prior action is admissible in such case though not specially pleaded by way of estoppel.

3. **Statute of limitations:** ADVERSE POSSESSION. To enable a party to successfully plead the statute of limitations, he must show an actual adverse possession for the requisite period under claim of right or color or title.

*Appeal from Clayton District Court.*

MONDAY, OCTOBER 28.

ACTION for the recovery of real property — being certain fractions or strips of land lying near the line between the N. E. and the N. W. ¼ of § 3, Tp. 93, R. 5 W. The defendant denied the allegations of the plaintiff's petition, and also pleaded the statute of limitations. There was a judgment for plaintiff. The defendant appeals. The facts of the case will be found in the opinion.

*J. O. Crosby* and *Woodward & Preston* for the appellant.

*E. Odell* and *Noble, Hatch & Frese* for the appellee.

COLE, J. — This is an ordinary action to recover certain strips of land lying near a disputed line. The defendant alleges ownership in himself, and also pleads and relies upon the statute of limitations. On the trial, the plaintiff offered in evidence the entire records and proceedings in a case in the same court, and which was also decided on appeal, in this court, entitled *Larum et al.* v. *Becker et al.*, and reported in the 28th Iowa, 590. The first question now made arises upon the ruling of the court admitting this evidence. The facts respecting the record and proceedings offered are these: On the 10th day of January, 1866, this plaintiff filed his petition in the district court of Clayton county, against C. Meyer, to recover certain real estate, including the land in controversy. After an answer in denial by the defendant therein, the plaintiff amended his petition by alleging that the south-west corner and the quarter section corners of the section wherein his land was situated, and by which his boundary lines were determined, were in dispute and made uncertain by several conflicting surveys. By the amendment all the owners of land within said section, including the defendant in this action, were made parties to said proceeding. The amendment also asked that the said corners be ascertained and fixed, and that the boundaries between the several parties thereto, owners as aforesaid, be established, and that they severally be quieted in the possession and occupancy of their respective lands. The several defendants appeared and filed answers to the amended petition. Some of them, including the defendant in this action, set up specific boundaries as being the true and original boundaries of their respective lands, and also averred their possession and occupancy of their respective lands according to such boundaries for more than ten years, and pleaded the statute of limitations. Upon final hearing of that cause the section corners and quarter section corners and lines were established, and also the boundaries between

1 JUDGMENT: res adjudicata.

the respective owners, but no judgment for possession was entered. The boundaries between the plaintiff and defendant in this action, as therein established, were different from the possession as therein claimed by this defendant, and the issue upon his plea of the statute of limitations was adjudged against him. On appeal, that judgment was affirmed.

This action is brought to recover the land embraced within this plaintiff's boundaries as established by the judgment in that action. When the pleadings, record, etc., in that action were offered in evidence the defendant objected to their admission, because, 1st. They were irrelevant and immaterial; 2d. That suit was between other parties and upon other issues; 3d. No such pleadings and record had been pleaded by the plaintiff. These objections were overruled, and the evidence admitted; and hereon arises the first question for our determination.

The objection first specified is general and will be effectually disposed of by the decision of the other and specific grounds. The objection that the first action was between other parties is not well grounded, and has no basis in fact to rest it, upon the principle of *res inter alios acta*. That principle applies where the party against whom the record is offered was not, himself, a party to it. In such case, the general rule is, that the record is not admissible. But here, this defendant was a party to that record; and the objection in fact is, that other persons were also parties thereto. As we understand the rule, that single fact alone constitutes no valid objection to the admission of the record. As to the further point in the same connection, that the suit was upon other issues, it is only necessary to state that the pleadings and evidence offered show upon their face that the very issues made by this defendant, were, as to his ownership of the land up to the boundary claimed by him; and that he based his ownership upon his chain of title, which he set out in full, and also upon his

adverse possession. Both issues were found against him. Hence, as to this point, the objection was rightly over-ruled.

As to the third ground, it is sufficient to say that under our statute (Rev., § 3570), it is only necessary for a plain-tiff, in such action, to state generally the extent of his interest, etc. The evidence upon which he relies to prove his title need not be stated. And, further, it appears to be well settled, that such evidence is always admissible whether pleaded or not ; and the weight of authority is, that it is equally conclusive, in its effect, 'when given in evidence, as when specially pleaded by way of estoppel.

**2. PLEADING: evidence.**

One other point is made in argument respecting the statute of limitations. It is this: that although the statute may not have fully run at the time of the commencement of the former action so as to constitute a bar at that time ; yet, since there was no judgment of eviction, and the defendant has con-tinued in possession until this action' was brought, making in all the full statutory period, that he may now plead and rely upon the statute. It occurs to us that a satisfac-tory answer is found in the proposition, often adjudicated by this court, that in order to enable a party to rely upon the statute of limitation he must be in the actual posses-sion *under a claim*, or *under a color of title ;* and the for-mer adjudication estopped the defendant from alleging or proving that he had after that judgment any claim to or color of title in the land in controversy.

**3. STATUTE OF LIMITATIONS : adverse posses-sion.**

Affirmed.