WARFIELD, HOWELL & Co. ET AL. V. LYND ET AL.

1. **Fraudulent Conveyance of Goods:** PRESUMPTION AGAINST FRAUD NOT OVERCOME. The evidence in relation to a transfer of a stock of goods by their owner to an alleged creditor considered, (see opinion,) and *held* not sufficient to overcome the presumption which is always entertained against fraud.

*Appeal from Webster Circuit Court.*

TUESDAY, DECEMBER 15.

THE plaintiffs are creditors of the defendant Lagerquist, and, as such, they bring this action to set aside a bill of sale of a stock of goods, made by Lagerquist to the defendant Lynd. The court dismissed the plaintiff's petition, and they appeal.

*Wright, Cummins & Wright,* and *Frank Farrell,* for appellants.

*John F. Duncombe,* for appellees.

ADAMS, J.—At the time of the execution of the bill of sale in question, to-wit, in February, 1883, the defendant Lagerquist was residing and doing business as a merchant in Gowrie, Iowa. He had previously been in business in Illinois, and at the time he sold to Lynd he had been in business in Gowrie less than a year. During that time, as the evidence tends to show, and as we think the fact is, he was more or less embarrassed. Lynd was an old acquaintance and personal friend, and had, as we infer, abundant ability to assist him. The defendants aver, and they support their allegations by their testimony, that Lagerquist borrowed money of Lynd, and that the sale was made in good faith for the purpose of paying him. The plaintiffs contend that Lagerquist did not borrow money of Lynd, as claimed, or at least not to the extent claimed, and, even if he did, that the price allowed for the goods was so much less than their value as to be

strong and convincing evidence that a secret interest must have been reserved in the goods or proceeds for Lagerquist. As tending to show that Lagerquist did not borrow money of Lynd as claimed, or to the extent claimed, the plaintiffs rely largely upon the fact that Lagerquist did not very satisfactorily show that his circumstances were such as to give rise to the necessity of borrowing from Lynd what he claims that he did. But the fact cannot be regarded as of great importance as against Lynd. He was not bound to show what Lagerquist did with all the money which came into his hands. He might concede that Lagerquist had no need to borrow money. Such fact would not be inconsistent with the fact of borrowing, and especially if Lagerquist was laying the foundation for a pretended insolvency and failure, with the view of defrauding creditors. Some other circumstances are relied upon as tending to disprove the alleged borrowing, but they do not, in our opinion, overcome the positive testimony of Lagerquist and Lynd. We cannot set out all the evidence upon which the plaintiffs rely. So far as disproof of the alleged borrowing is concerned, their showing is very far from being a strong one. We think it probable that Lagerquist actually owed Lynd the amount claimed.

One question remains to be considered, and that is, did Lagerquist reserve a secret interest in the goods or proceeds? The plaintiffs contend that he did, and that the evidence is that the bargain was so favorable to Lynd as to be unaccountable upon any other theory. In our opinion, the goods were worth more than Lynd allowed for them. But it does not appear that he knew at the time what they were worth, and the amount for which the goods afterwards sold at sheriff's sale was not much more than the amount allowed. We doubt whether a cash sale at a much greater price could have been made to any person in Lynd's circumstances; that is, to any person who was ignorant of the value, and who was not a merchant, and did not desire to engage in mercantile business, and must necessarily dispose of the goods at a disad-

vantage. Possibly Lynd would have allowed more if an invoice had been taken, but we infer that he was unwilling to wait for that. He was the creditor of an insolvent person, and, whether he had reliable knowledge of Lagerquist's circumstances or not, it was his right to consult his apprehensions, if he had any, and act accordingly. It may be regarded as certain that if he had resorted to judgment and execution, as the plaintiffs did, no one would have been much benefited by it. It is possible, of course, that the sale to Lynd was not made wholly for his protection, but that a secret interest was reserved to Lagerquist. We cannot say that our minds are entirely free from doubt upon the point; but the presumption is against fraud, and the evidence, we think, is not such as to justify us in saying that the presumption has been overcome.

AFFIRMED.