CHARLES AUSTIN, Appellee, v. BOWMAN BROS. & BURR *et al.*, Appellants.

1. **Judgment: LIEN: INJUNCTION.** Pending an action to foreclose a mortgage upon certain real estate, the defendants obtained a judgment against one of the owners thereof. After decree in the foreclosure proceeding, the property was sold on special execution, and a sheriff's deed in due time was issued to the assignee of the holder of the certificate of sale. *Held*, that the mortgage being a prior and paramount lien the foreclosure and sale thereunder operated to pass the title to said property to said purchaser clear of the lien of defendants' judgment, and defendants were properly enjoined from seeking to enforce the same against the property on execution.

2. ——: ——: **FRAUD: EVIDENCE.** The fact that said certificate of sale was purchased by the father-in-law of the judgment debtor, who subsequently conveyed the property to the debtor's wife, while casting some suspicion on the transaction, is not sufficient to show that such purchase was fraudulent, and in fact a redemption of the land with the debtor's money, against the direct and positive testimony of the debtor in support of the good faith of the transaction.

3. ——: ——: ——: ——. The fact that a purchaser of the property from such debtor's wife took security against the lien of defendant's judgment, and other clouds upon the title, is no proof of fraud, nor will equity require him to abandon his title to the property, and seek to recover upon his security.

*Appeal from Butler District Court.*—HON. JOHN C. SHERWIN, Judge.

THURSDAY, OCTOBER 23, 1890.

ACTION in chancery to restrain the sale upon execution of lands of plaintiff. Upon a trial on the merits, the relief prayed for by plaintiff was granted. The defendants appeal.

*E. L. Smalley*, for appellants.

*Gibson & Dawson*, for appellee.

BECK, J.—I. The defendants seek to enforce a judgment in their favor against Phineas Weed and J. D. Powers, rendered June 9, 1879, by the sale, on an execution issued thereon, of lands owned by plaintiff. At the date of this judgment the land was owned by Phineas Weed and W. P. Weed. May 14, 1881, Phineas Weed conveyed his interest in the land to W. P. Weed, who, October 28, 1887, conveyed the land to plaintiff. The judgment is claimed to be a lien upon the interest in land held by Phineas Weed on the day it was rendered. The grantor of the Weeds, under whom they acquired the title, before the conveyance to them, executed a mortgage on the land to Ellen Brett, upon which an action to foreclose was commenced June 5, 1879, before defendant's judgment was rendered. The decree of foreclosure was rendered afterwards. The lands were sold upon special execution issued upon this decree of foreclosure to Mrs. Brett, and a certificate of the sale was made to her. January 24, 1882, the certificate was assigned by Mrs. Brett to John and Nancy Scolby, the parents of the wife of Phineas Weed, and about a month afterwards a sheriff's deed for the land was made to them, which was filed for record, April 4, 1888, after the action was commenced. In 1887, Nancy Scolby conveyed the land by quitclaim to P. S. Weed,

1 JUDGMENT: lien: injunction.

the wife of Phineas, who, with his wife, after this action was begun, conveyed the land by quitclaim deed to plaintiff.

II. It will be observed that the mortgage is prior and paramount to defendant's judgment, and that plaintiff has acquired whatever title and interest was held by Nancy Scolby, under the foreclosure and sheriff's deed. There can be no question as to the validity of her title to her interest, whatever that may have been. The remainder of the interest in the land, if she does not hold all of it, is in the estate of her deceased husband, and stands, as to defendant's judgment, in the same condition as her interest. If that judgment is not a lien on the land to the extent of her interest, it does not bind the interest of the husband's estate, whatever that may be.

III. Upon the facts stated thus far in our consideration of the case, defendant's judgment cannot be held to be a lien upon the land. The mortgage, being a prior and paramount lien, would, in its enforcement by foreclosure, pass the title to the land free from defendant's judgment. But defendants insist that the Scolbys in fact redeemed the land from the foreclosure sale, acting fraudulently in that regard, to cover and protect the land from defendant's judgment.

2. ——: ——: fraud: evidence.

IV. But in our judgment the preponderance of the evidence supports the view that the money to purchase the certificate of sale was not the money of Weed, but was the money of Scolby, and the transaction was in good faith, and not to defeat defendant's judgment. Weed could not raise the money to redeem from the sheriff's sale. His wife's father purchased the certificate with his own money. The relations existing between Weed and the Scolbys, and some other circumstances, cast some suspicion on the transaction; but they are not sufficient to overcome the positive, direct and clear testimony of Weed in support of the good faith of the transaction, and to the effect that the purchase of the certificate was made wholly with the money of Scolby.

V.   The evidence does not raise any suspicion of the good faith of plaintiff.   It is claimed that he took security against defendant's judgment.   He states that he noticed defects in the title, and other judgments, and took the security to protect him against all of them.   There is nothing fraudulent or illegal in this.   Nor will equity require him to abandon his valid title to the land, and seek to recover on his security.   It is our conclusion that the judgment of the district court ought to be AFFIRMED. '

*3. THE same.*