C. KNUDSON, Appellee, v. E. H. LITCHFIELD *et al.*, Appellants.

1. **Tax Deed:** PROOF OF SERVICE OF NOTICE TO REDEEM.   The affidavit of service of notice to redeem from a tax-sale, required by the statute to be filed with the treasurer as a condition precedent to his issuing a tax deed, need not state in all respects what the notice contained; neither is it required that a copy of the notice be attached to the affidavit, or filed with the treasurer.   When the affidavit shows proper service of such notice, and a deed has been issued thereon, the law presumes that the notice was in due form, until such presumption is overcome by an affirmative showing to the contrary.

2. ———: COLLUSION WITH INTENT TO DEFRAUD: EVIDENCE. Although the facts relating to a sale of land for taxes may, upon their face, suggest a suspicion of collusion between the purchaser and the owner with intent to defraud the creditors of the latter, such suspicion can not prevail against the positive testimony of the parties to the transaction, especially where the facts are not inconsistent with honest intentions.

3. ———: LIMITATION OF ACTIONS: KIND OF ACTION. An action by the holder of a tax deed to quiet his title, against parties claiming adversely thereto, is such an action as is contemplated by section 902 of the Code, providing for the limitation of actions to recover property sold for the nonpayment of taxes; and where such action is brought within the five years prescribed by the statute, and the defendants are duly served with notice, and there is a decree for the plaintiff, it estops the defendants from afterwards claiming any interest in the land. In such case, if the defendants were landlord and tenant, and the tenant continued in possession, after the decree, under contract with the plaintiff, such possession would not be that of his former landlord.

4. ———: ———: ADVERSE POSSESSION: OF GRANTEE UNDER CONTRACT TO SELL. L. had sold land to J. under a contract by which, upon J.'s default, L. might declare the contract forfeited and treat J. as his tenant. The land was sold for taxes, and a tax deed executed, while J. was in possession, and he continued in possession for more than five years after the execution of the deed. Prior to the expiration of the five years the holder of the tax title obtained a decree quieting his title as against both L. and J., and J. continued in possession as the tenant of the holder of the tax title. L. had never declared Js.' contract forfeited, though he might have done so, and thus made J. his tenant, but, on the contrary, he treated the contract as still in force. *Held*, that J.'s possession was at all times adverse to L., and that such possession, continued for more than five years after the execution of the tax deed, barred L.'s right to maintain an action to recover the land.

5. Action to Quiet Title: SERVICE BY PUBLICATION: DUE PROCESS OF LAW. Notice by publication in an action to quiet title against a nonresident constitutes due process of law.

*Appeal from Humboldt District Court.*—HON. GEORGE H. CARR, Judge.

FRIDAY, JANUARY 20, 1893.

ACTION in equity by the plaintiff, claiming to be the owner of certain land, to enjoin the defendants

from selling the same on an execution issued on a judgment in favor of the defendant Litchfield and against Johnson.    Judgment and decree for the plaintiff.    The defendants appeal.—*Affirmed*.

*Gatch, Connor & Weaver*, for appellants.

*R. M. Wright*, for appellee.

KINNE, J.—The plaintiff claims to be the owner in fee of the north one-half of southwest one-fourth of section 27, township 91, range 28 west of the 5th P. M., and to have derived his title thereto through a tax deed dated November 1, 1883, and executed by the treasurer of Humboldt county, Iowa, to Parley Finch. Finch, on November 1, 1883, by warranty deed, conveyed the land to the plaintiff.    The defendant Fairman, as sheriff of said county, by virtue of an execution issued on a judgment in favor of the defendant Litchfield and against one Johnson, levied on said real estate as the property of Johnson.    The plaintiff averred that Johnson had no interest in the land; that said sheriff, unless restrained, would sell the same.    He prayed for an injunction to restrain the sale, and for a decree declaring the land free from the lien of the levy, and for other relief.    An injunction issued in accordance with the prayer of the petition.

The defendants deny the ownership of the plaintiff, or that he acquired any interest in the premises by virtue of the tax deed; aver that said deed is fraudulent and void as against them, because the same, as well as the deed made by Finch, was executed in collusion with and for the benefit of Johnson, whose duty it was to pay the taxes, and for the purpose of defrauding the defendant Litchfield of his interest in said premises; deny the allegation in the petition as to the execution and delivery of a deed by Finch to the plaintiff, and deny all other allegations not expressly

admitted.    The defendants also say that April 2, 1879, Edwin C. Litchfield was the fee simple owner of said real estate, and, as such, entered into a written contract with the said Johnson for the sale of the premises to him for nine hundred dollars, payable one hundred and twelve dollars and fifty cents, November 1, 1879, and the balance in seven annual installments on November the first of each year thereafter, with eight per cent. annual interest; that Johnson entered into possession under said contract, and has ever since held possession thereunder; that Johnson paid seventy-five dollars on said contract on January 14, 1882, and no further sum; that Edwin C. Litchfield died July 20, 1885, and said contract and his interest in said premises became the property of the defendant Litchfield; that said contract provided that said Johnson should pay the taxes on said real estate for the years 1873 to 1878, inclusive, and all taxes which should be assessed or become payable after April 2, 1879; that, Johnson having failed to pay the taxes, and having defaulted in payment of the sums due on his contract, the defendant, in March, 1889, began a suit for its foreclosure, and recovered a judgment against Johnson for the balance due thereon, notice having been given Johnson.    The decree ordered the premises sold to satisfy the judgment.    Execution issued, and was levied on said real estate, and the sale enjoined by the plaintiff.

The defendants, in a cross bill, set out the same facts as to the contract, the possession of the defendant Litchfield through Johnson, the death of Edwin C. Litchfield, and the defendant Litchfield's ownership of the contract, etc; aver that the plaintiff claims title to said premises by virtue of a tax deed (the same heretofore referred to), that no action for the recovery of said real estate has been brought by the plaintiff, or any one claiming under said tax deed, within five years, and by reason thereof said deed and the plaintiff's claim

are of no force and effect, and asking that the defendant Litchfield's title be quieted.

The plaintiff, in answer to the defendants' cross bill, denies the defendant Litchfield's ownership; denies that Johnson entered into possession of the premises in 1879; admits that Johnson is now in possession of said premises, but not under the Litchfield contract; avers want of knowledge as to the death of Edwin C. Litchfield; denies that Edwin C. Litchfield and the defendant have held possession of said premises, or any part thereof, since July 2, 1879, by virtue of the contract referred to, and alleges that Johnson's possession has, during most of the time since 1879, been adverse to said Litchfield's, and was adverse at the time when the period of five years from the date of the tax deed expired; admits that the plaintiff claims ownership of the premises under the tax deed mentioned, and says that, by reason of the fact that the defendant was not in possession of said premises five years from the time of the execution and recording of said deed, it was not necessary that an action for possession of said premises should be brought by the plaintiff within said five years. For a further defense, the plaintiff pleads that on October 6, 1887, he recovered a decree in Humboldt district court against Johnson, who was then in possession of the premises, quieting his title to the same; that Johnson was duly served with personal notice of said suit, and the defendants herein were served with notice by publication; that said decree was obtained before the expiration of five years from the time the tax deed was executed. And for a further defense plaintiff pleads the decree above referred to as an adjudication; and avers that immediately after it was rendered, by contract, said Johnson became the tenant of the plaintiff, and, as such, was in possession of said premises five years from and after the execution and recording of the tax deed. For a further defense the plaintiff

pleads the decree quieting title, and avers that there-
after the defendant Litchfield obtained his judgment
and decree of foreclosure against Johnson in an action
wherein the plaintiff was not made a party; that the
defendant treated said contract as a mortgage, and is
seeking to sell said land as Johnson's property, and that
he is estopped now from claiming that at the expiration
of five years from the making of said tax deed the pos-
session was the possession of him, the said Litchfield:

The defendants, in an amendment to their cross
bill, aver that the tax deed under which the plaintiff
claims title is void, because no notice of the expiration
of the period of redemption from the tax sale on which
said deed was issued was given to the persons then in
possession of said real estate, and in whose name it was
taxed, and no proof of service of such notice was filed
with the treasurer of Humboldt county; and the
defendants, for reply to the plaintiff's answer to
defendants' cross bill, deny that the possession of John-
son of the premises has been adverse to the defendants
at any time, aver that the judgment and decree of the
district court of Humboldt county is null and void,
because said decree and proceeding in the suit on which
it was based do not constitute due process of law, and
are in violation of article 5 of the amendment to the
constitution of the United States; that service was
made on the defendant Litchfield by publication, and
he had no actual notice of the pendency of said suit,
and made no appearance therein, and was then and
still is a nonresident of the state of Iowa. They deny
the agreement averred by the plaintiff as having been
entered into between him and Johnson, and say if it
was made it was with the intention to defraud Litch-
field, and is void; that the decree quieting title was
obtained by collusion between the plaintiff and John-
son, and for the purpose of defrauding defendant
Litchfield.

I. The appellants insist that the expiration notice served was insufficient. The burden is on them to show that fact. This, we think, they have failed to do. They show that the affidavit which recites the fact of giving the notice does not state in all respects what the notice contained; that no copy of it was attached to the affidavit, nor was a copy filed with the treasurer. The law does not require that a copy of the notice be attached to the affidavit, nor that a copy be filed with the treasurer. Code, section 894. No effort was made by the appellants to show by the treasurer,—who was a witness,—or by the one in possession of the land, that there was no personal service of a lawful notice. The appellants' claim seems to be based on the fact that the affidavit filed did not show in detail that the notice contained all the statements which the statute requires to be in it. But the affidavit does show proper service of an expiration notice, and, for aught that appears, the treasurer had it before him when he executed the deed, and it complied with the statute. The law presumes that public officers do their duty. The statute also provides that service shall be deemed completed when an affidavit of the service of said notice and of the particular mode thereof, duly signed, etc., shall have been filed with the treasurer. Code, section 894. Again, the deed is presumptive evidence, not only of the fact of giving the notice, but also that the notice was in due form of law. *Id.* section 897; *Fuller v. Armstrong,* 53 Iowa, 683; *Baker v. Crabb,* 73 Iowa, 412. We do not deem it necessary to discuss this question further. We hold that the presumptions which the law raises in support of the validity of the deed have not been overcome.

1. TAX deed: proof of service of notice to redeem.

II. It is said that the tax deed was obtained by collusion between Johnson and the plaintiff. No

2. ——: collusion with intent to defraud: evidence. useful purpose would be served by entering into a detailed discussion of the evidence on which this claim is based. We have examined the record with care, and, while it must be conceded that there are some circumstances surrounding the execution of the tax deed to Finch, and his deed to the plaintiff, and the plaintiff's contract with Johnson, which might appear to give color to the charge that an attempt was being made to defraud the defendant Litchfield, yet they can not be held to prevail as against the positive testimony of the parties to the several transactions, especially when the facts may be consistent with honesty and purity of intention. *Austin v. Bowman*, 81 Iowa, 277; *Lyman v. Cessford*, 15 Iowa, 229; *Warfield v. Lynd*, 67 Iowa, 722.

III. Our statute provides that no action for the recovery of real property sold for the nonpayment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded. Code, section 902. In October, 1887, and within five years from the date of the execution and recording of the tax deed, the plaintiff obtained a decree in an action wherein he was plaintiff and Johnson and defendant Litchfield were defendants, in the district court of Humboldt county, Iowa, quieting the title in himself, and immediately thereafter leased the land in controversy to said Johnson, who became his tenant. The appellant insists that that is not such an action as is contemplated by section 902 of the Code. He also claims that Johnson's relation to him was that of a tenant, and hence Johnson's possession was the defendants' possession. The latter contention is based upon the provisions of the contract of April 2, 1879, between Johnson and Litchfield, and under which Johnson took possession of the land. Johnson and the defendant Litchfield were parties to the action to quiet title.

They were duly served with notice in the manner pro-
vided by law. The court which rendered the decree
had jurisdiction of both the persons of the defendants
and the subject-matter of the action. Its decree,
adjudging the plaintiff to be the owner of the land in
·controversy, is binding on all parties thereto until it is
set aside in a proper proceeding. We can conceive of
no reason why such a decree should not be as binding
in a case wherein a tax title is involved as in any other
case. The law which authorizes the action makes no
such distinction. Such an adjudication divested the
defendants of any rights they may have had in said
property, and estopped them from claiming any inter-
est therein. For that purpose it was just as effective
as any other mode of proceeding to determine title to
real property. *Larum v. Wilmer*, 35 Iowa, 244. Fur-
thermore, this court has decided that the statute under
consideration permitted the bringing of such an action.
*Stevenson v. Bonesteel*, 30 Iowa, 286. And see *Francis
v. Griffin*, 72 Iowa, 23; *Lewis v. Soule*, 52 Iowa, 12;
*Adams v. Griffin*, 66 Iowa, 125. Inasmuch, then, as
the decree quieting title effectually estopped defendants
from claiming title to the land in controversy after its
rendition, it follows that Johnson could not thereafter
have been the tenant of defendant Litchfield, but by
the contract between the plaintiff and Johnson, the
latter became, and was thereafter, the tenant of the
plaintiff, and so continued at the period of five years
from the expiration of the execution and recording of
the tax deed.. Johnson's possession, then, was plain-
tiff's possession, and the defendants were barred by the
statute. *Larum v. Wilmer*, 35 Iowa, 244, 247; *Barrett
v. Love*, 48 Iowa, 103.

IV. The appellants contend that, even if the
decree to quiet title is held good, still it did not have
the effect to give the plaintiff the possession of the

**4. ——: ——: adverse possession: of grantee under contract to sell.** land, but simply determined his right to possession. Therefore, it is claimed that Johnson, who went into possession under the contract with the defendant Litchfield, and, having made default by the terms of the contract, became the tenant of Litchfield. We need not set out this contract. We have no doubt that under it Litchfield might have treated it as forfeited, and the purchaser, Johnson, as his tenant. That he did not do so is clear. Years after Johnson's default—indeed, as late as 1882— Litchfield received a payment on the contract from Johnson. He could not do this and still treat it as forfeited and Johnson as his tenant. His action, in that respect, was a waiver of all defaults then existing. In no way thereafter did Litchfield indicate that he intended to treat subsequent defaults as operating to forfeit the contract and make Johnson his tenant. Litchfield's subsequent foreclosure of the contract evinces his determination not to treat Johnson as his tenant. He treated him as a purchaser. As a purchaser, his possession was certainly adverse to Litchfield. Johnson did not hold as his tenant. *Montgomery County v. Severson*, 64 Iowa, 326, 330; *Hamilton v. Wright*, 30 Iowa, 480. In the fall of 1887 Johnson is in possession of the land, holding adverse to Litchfield. Both he and Litchfield are served with notice in the action to quiet title. Decree is entered establishing the plaintiff's title. Johnson then contracts with the plaintiff as his landlord. This is the situation of affairs when the five year period expires. Plaintiff is in possession through his tenant, Johnson, and defendant, not being in possession, is barred by the statute.

V. It is said that a notice by publication in an action to quiet title against a nonresident does not **5. ACTION to quiet title: service by publication: due process of law.** constitute due process of law, and we are cited to *Pitts v. Clay*, 27 Fed. Rep. 635; *Hart v. Sansom*, 110 U. S. 151, 3 Sup. Ct.

Rep. 586; *Bennett v. Fenton*, 41 Fed. Rep. 283. A complete answer to this claim is found in a late case decided by the supreme court of the United States, wherein it is held that service by publication in such cases is good—*Arndt v. Griggs*, 134 U. S. 316, 10 Sup. Ct. Rep. 557.

The judgment of the district court is AFFIRMED.