WILLIAM HINTRAGER, Appellee, v. E. H. SMITH, Appellant.

Action for Possession of Real Estate: STATUTE OF LIMITATIONS: FORMER ADJUDICATION. A decree quieting the title to land in the plaintiff, in an action brought to obtain such relief, and forever barring and estopping the defendant therein from thereafter claiming title thereto, but containing no provision as to the possession of the property, will estop such defendant from setting up the statute of limitations against said plaintiff in an action subsequently commenced by the latter for the possession of said property.

*Appeal from Dubuque District Court.*—HON. J. J. NEY, Judge.

THURSDAY, OCTOBER 12, 1893.

THIS is an action to recover possession of certain real property, and damages for rents, and for wood cut and removed from the premises. The defendant pleaded the statute of limitations, which plea

the court withdrew from the consideration of the jury, and ordered a verdict for the plaintiff, upon which judgment was entered. The defendant appeals.—*Affirmed.*

*Henderson, Hurd, Daniels & Kiesel,* for appellant.

*Powers, Lacy & Brown,* for appellee.

GIVEN, J.—I. The defendant was in actual, continuous, visible, and exclusive possession of the land from 1878 to the time this case was tried, January 19, 1892. This action was not commenced until December 24, 1890, more than ten years after the defendant's possession began, wherefore the defendant claims that this action is barred by section 2529 of the Code, which provides, that actions for the recovery of real property may be brought within ten years after the cause accrues, and not afterwards.

On March 13, 1879, the plaintiff commenced an action against the defendant to quiet the title to this land in the plaintiff. In that action a decree was entered October 19, 1888, decreeing that the plaintiff was the owner in fee simple of the land, establishing the title in him, and forever barring and estopping the defendant from claiming title thereto. In that case there was no prayer or decree for possession. While it is not disputed that, in the absence of this decree, the plaintiff's action was barred, his contention is that, by reason of the decree, it is not. By the decree, all existing questions of title, whether arising out of adverse possession or otherwise, were conclusively settled between the parties. All claim of right and color of title were taken from the defendant, and he was barred and estopped from afterwards claiming title to the land. His future possession was not under claim of right or color of title, and was not, therefore, subject to the statute of limitations. *Larum v. Wilmer,* 35

Iowa, 244, and *Knudson v. Litchfield*, 87 Iowa, 111, fully answer this contention.

The defendant cites, and relies upon, *Garrett v. Bicklin*, 78 Iowa, 115. There Garrett's property was attached as the property of one Kendall in a suit of Bicklin, Winzer & Co. against Kendall. Garrett intervened in the attachment suit, claiming to be the owner of the property, and such proceedings were had that the property was adjudged to be the property of Garrett. Meantime, the property was sold on special execution to Bicklin, Winzer & Co., and, after the judgment that Garrett was the owner, he brought suit against Bicklin, Winzer & Co. for damages for conversion. Bicklin, Winzer & Co. pleaded the statute of limitations, as if it had been running during the pendency of the proceedings to determine the ownership, and this court sustained the plea. This court held that Garrett had his choice of two remedies, namely, to proceed to secure the property, as he did, by his intervention, or to recover its value; and that, having made his election, the statute continued to run as to the other. The distinction between that case and this is obvious. In that the personal property of Garrett, taken on the attachment, was the single subject of the action. Garrett had the choice to sue for his property or for its value. The recovery of either would make him whole. Therefore, he might not claim both, but must choose which he would ask. In this case the plaintiff had two causes of action, one to quiet title to the land, and the other to recover possession and for its use. A recovery of either did not make him whole as to the other.

II. The defendant calls attention to the fact that the plaintiff sets out certain tax titles in his chain of title, and contends that the five years' limitation applies to these titles. There is no question of title involved in this case. As already stated, the decree settled all

questions of title between these parties.    We conclude that there was no error in the action of the district court, and the judgment is therefore AFFIRMED.