DAMON et al. v. SULLIVAN.

(District Court, N. D. Iowa, W. D.    December 1, 1914.)

No. 88.

ADVERSE POSSESSION (§ 12*)—CHARACTER—POSSESSION WHILE TITLE IS IN DISPUTE.

The possession that will ripen into an adverse title against the owner of the legal title within the period of ten years provided by the Iowa statute for bringing actions for the recovery of real property must be under claim of right or color of title that is not challenged by the owner of the legal title within such period.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 387–393; Dec. Dig. § 12.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Albert N. Damon and others against John Sullivan. On demurrer to parts of answer. Demurrer sustained.

See, also, 202 Fed. 285.

Action to recover possession of 80 acres of land in O'Brien county, this state, and damages for the wrongful detention thereof. Submitted on plaintiff's demurrer to that part of defendant's answer which pleads adverse possession and the statute of limitations based thereon.

John E. Stryker, of St. Paul, Minn., for plaintiffs.

Alfred Pizey and D. H. Sullivan, both of Sioux City, Iowa, for defendant.

REED, District Judge. The land involved is a part of the land granted by the act of Congress of 1864 to the state of Iowa for the benefit of the Sioux City & Pacific Railway Company. The plaintiffs derive title under that grant and a patent of the United States to their ancestor, Myron H. Damon, of February 27, 1901, pursuant thereto. After the issuance of such patent the defendant John Sullivan, some time in 1903, commenced a suit in equity in this court against the said Damon, in which he claimed to have settled upon said land under the homestead laws of the United States, and to be the owner thereof under such settlement, and that the patent for the land to Damon was issued through error of law by the Land Office of the United States, and prayed that Damon be adjudged to hold the legal title to the land in trust for him. Damon defended such suit, denying the allegations of the defendant, claiming that he had settled upon the land under the homestead laws of the United States and was the rightful owner of the land thereunder. Pending the suit, Damon died, and in 1912 the defendant in this suit, as plaintiff in that suit, revived the same against the heirs and representatives of Damon. Upon final hearing a decree was entered in that suit in 1913, dismissing the plaintiff's bill and awarding the land to the plaintiffs in this suit as the surviving heirs of Myron H. Damon. The defendant was in possession of the land pending that suit, and, having refused to surrender the same to the plaintiffs upon their demand after such decree, they brought this action September 15, 1914, to recover such possession and damages for the wrongful detention of the land.

The answer of the defendant, among other defenses, sets up his possession of the land during the pendency of the former suit, and claims that such possession was adverse to the plaintiffs and their ancestor, Myron H. Damon, and pleads such possession and the Iowa statute of limitations of ten years in bar of the action.

But possession of real estate by one pending litigation in regard to the ownership thereof, in which litigation the owner of the legal title is asserting his right to the land as against the one in possession claiming to be the owner, cannot under the Iowa statute be rightly held to be adverse to the owner of the legal title, so as to ripen into a title against such legal owner, when such litigation is pending during all or a part of the time the one claiming to hold adversely is in possession. The possession that will ripen into an adverse title against the owner of the legal title within the statutory period of ten years

provided by the Iowa statute for bringing actions for the recovery of real property must be under claim of right or color of title that is acquiesced in by the owner of the legal title, and not challenged by him within such period. Larum v. Wilmer, 35 Iowa, 244; Hintrager v. Smith, 89 Iowa, 270, 56 N. W. 456; Litchfield v. Sewell, 97 Iowa, 247, 66 N. W. 104.

The claim of right or color of title under which the defendant claimed in the equity suit was challenged by the defendants and their ancestor, Myron H. Damon, in that suit, immediately after it was brought, and continued until the final decree therein, and was then held void as against the plaintiffs' title, and they were adjudged the lawful owners of the land; and the decree in that suit is a bar against the assertion of any title or right of possession of the property by the present defendant. See cases above cited.

Forty acres of the land involved was sold for taxes during the pendency of the equity suit, and a tax deed was issued in 1907 to the purchaser at such sale, which purchaser subsequently conveyed the land acquired under such deed to the widow of Myron H. Damon, who is now deceased, leaving the present plaintiffs as her heirs at law. The plaintiffs set forth such tax title in their petition in this action, and assert it as an additional right to such 40 acres of land, and defendant pleads the five-year statute of limitations of Iowa against such tax title. But that title adds nothing to plaintiffs' right of recovery, for they or their ancestors, being the legal owners of the land, were liable to the county and state for such taxes, and their acquisition of the title based upon the sale of the land for such taxes is in effect but the payment by them of such taxes. If plaintiffs relied alone upon the tax title as their right of recovery, it may be that the five-year statute of limitations would bar the right of recovery thereof; but, as they were the owners of the patent title, the acquisition of the tax title confers upon them the full title of the property, and the right of recovery thereof from the defendant, who is simply holding over after the decree in the equity suit which adjudged that he has no right thereto.

Treating paragraphs 6 and 7 of the defendant's answer as a separate division thereof, the demurrer thereto is sustained, to which ruling the defendant excepts. The defendant may amend his answer within 20 days after the filing of this order, or he may stand upon his answer, as he may then elect. It is ordered accordingly.