FLORENCE COCHRAN, Appellee, v. INDEPENDENT SCHOOL DISTRICT
OF BROAD HORN, Appellant.
No. 39382.

APRIL 5, 1929.

*M. R. Stansell, V. R. McGinnis*, and *A. V. Proudfoot*, for
appellant.

*O. M. Slaymaker, R. E. Killmar*, and *J. O. Watson*, for appellee.

MORLING, J.—Defendant argues three assignments of error:
(1) Overruling defendant's motion to strike plaintiff's reply;
(2) overruling defendant's motion for continuance; (3) sustaining plaintiff's motion to strike defendant's rejoinder.

The petition sets out the contract sued upon, alleges performance for part of the term and illegal prevention from teach-

ing for the rest, plaintiff's readiness to perform, and salary refused for 32 weeks,—$600. The answer admits the contract and plaintiff's discharge; and affirmatively pleads misconduct with the pupils as justification. The reply, besides denial, alleges that plaintiff was barred from entrance to the school building, under a writ of injunction sued out by defendant; that, on the charges set up by the defense, a hearing was had before the board of directors, who sustained them; but that, on appeal to the county superintendent, the decision of the board of directors was reversed, and on further appeal to the state superintendent, the decision of the county superintendent was affirmed, and thereby all the charges set up by the defense have been finally and fully adjudicated in favor of the plaintiff and against the defendant.

Defendant moved to strike the reply, assigning as reasons that the matter contained in it is not proper by way of reply, but constitutes a part of plaintiff's cause of action, and should be pleaded in the petition, or as an amendment to the petition; that the reply raises an entirely new issue, which defendant had no reason to anticipate, and which defendant was not prepared to meet. The motion further asserts that the allegations of the reply are inconsistent with the petition; that the petition does not indicate that the action was brought after appeal and decision in plaintiff's favor, whereas the reply indicates that the cause of action is predicated upon an adjudication in her favor after appeal, which plaintiff would not be entitled to urge for the first time in her reply. The motion to strike was overruled. Defendant thereupon moved orally for a continuance, on the ground that defendant was not prepared to meet the issue, for the reason that "it is entirely a distinct cause of action from the one pled in the petition. In other words, the cause of action pled in the petition is one that the plaintiff would have been permitted to pursue, if she had been unlawfully discharged; while the one pled in the reply is that there was a hearing, such as we are contemplating, and that plaintiff was present at that hearing," and appeal taken.

"Following that adjudication, and by reason of these facts, and up until this morning, there has been no intimation of any change in these facts; that they have been relying on such proceedings, and the defendant is not now prepared to meet the issues of the facts and pleadings as they now stand."

This motion was dictated into the record, without verification. Plaintiff objected, among other grounds, that defendant's counsel was familiar with the record made in the state superintendent's office, and knew the finding before making the motion, and that reply would be filed; that all of the attorneys had a full and complete copy of the findings of the state superintendent. Motion for continuance was overruled. Defendant's counsel then stated that:

"We will plead or reply to this pleading tomorrow morning, and we can proceed to the trial, I assume. I don't know what we will call the pleading, but we will give it some sort of a name."

The trial was continued until the next morning, at which time defendant filed a rejoinder to the reply, alleging that the county and state superintendents violated their duties and exceeded their discretionary powers, in that the county superintendent conspired with plaintiff in presenting and defending the charges against her; that the county superintendent counseled with plaintiff as to her method of procedure, "what she should do and say to the board of directors, and told her that her contract was valid, and that the board of directors had no right or authority to dismiss her, under any claim filed against her in said matter, and that he would sustain and protect her;" and that he thereby violated his oath, powers, and duties; that the county superintendent stated to the defendant board of directors that he did not want the appeal from his ruling to be presented to the then acting state superintendent, but wanted it to come before the incoming state superintendent, and alleged that she would sustain him; that because thereof, the county superintendent was acting corruptly, in violation of his oath, in prejudging the matter; and that the decisions of the county and state superintendents were illegal and abuse of discretion, and the children attending the school were thereby subjected to plaintiff's indecent conduct. The rejoinder further alleges that the county and state superintendents abused their judicial discretion, in that the record in the cause shows conclusively that plaintiff did tell indecent stories, and no unprejudiced tribunal could find to the contrary; that, unless it is clearly proven that the board violated the law or abused its discretion, its action in discharging a teacher should be affirmed; and that the record

shows that the board fairly exercised its discretion, and did that which was for the best interest of the school and pupils.

Plaintiff moved to strike the rejoinder, for the reason that no such pleading was known to the law. The motion was taken under advisement until afternoon, when it was sustained. Defendant's counsel then stated:

"I think, so far as the record is concerned, we have nothing more to offer at this time. We may offer something more later."

The cause then proceeded to trial. Plaintiff, as a part of her main case, offered the opinion of the state superintendent on the appeal, to which defendant objected that only the affirmance was material. In reply to a question by the court as to how defendant would get the affirmance unless by the holding, or unless counsel could agree, defendant's counsel stated:

"There is not any question of what they did. They affirmed it, but we object to the language. * * * We will agree that the action of the board was reversed by the action of the county superintendent, and that the action of the county superintendent was affirmed by the state superintendent."

The court thereupon excluded the opinion. During colloquy between counsel, plaintiff's counsel stated that he wanted an admission that the charges in the answer were the same as those made before the county and state superintendents, or wanted permission to show it. Defendant's counsel responded: "There isn't any controversy, or no question, about that." On plaintiff's offer in evidence of the decision of the county superintendent, defendant's counsel, objecting to its introduction, stated that they admitted that the county superintendent reversed the action of the board, and "that the charges made therein was one of the incompetency of the teacher and the use of obscene language." Under this admission, the court sustained the objection to the offer. Plaintiff also offered in evidence the entries in the injunction suit brought by the defendant School District against the plaintiff, including the temporary writ of injunction and the final dismissal of the cause.

At the conclusion of plaintiff's evidence, defendant's counsel stated:

"Defendant is present with its witnesses to prove the allega-

tions of its answer, and it now offers to produce them, and offers their testimony to prove the allegations of their answer as to the action and conduct of this teacher and what she did," and "we can produce the witnesses one by one, but it seems to me to be just a waste of time, but we offer to do so, if the court will permit."

Plaintiff objected because the matters had been adjudicated. The court stated:

"As I understand, you are offering to introduce witnesses to prove the statements and charges made before the board of directors upon which an appeal was taken to the county superintendent, and later to the state superintendent."

Defendant's counsel replied that they were the same. The court ruled:

"If it [answer] pertains only to the misconduct as based on the charges made before the board, and taken on appeal, the objection will be sustained, on the ground that the same has been adjudicated, and is not a proper defense in this case."

Defendant thereupon rested its case. Plaintiff moved for directed verdict, and the court sustained it.

I. Plaintiff had but one cause of action, and that was for breach of contract in wrongfully discharging her and wrongfully preventing her from performing. Plaintiff pleaded generally that defendant wrongfully prevented her from performing. This is in accordance with ordinary rules of pleading governing such cases. 13 Corpus Juris 727. Plaintiff was not bound to anticipate the defense, or to avoid it in advance. Defendant, admitting that it discharged plaintiff, justified its action in doing so by alleging, in substance, that plaintiff had been guilty of such misconduct as amounted to a breach of her express and implied undertakings. The reply, besides a general denial, set up a prior adjudication conclusively establishing that plaintiff was not guilty of the misconduct alleged. That the final adjudication of the appeals was conclusive is not contested. See *Jackson v. Independent Sch. Dist.*, 110 Iowa 313; *Courtright v. Consolidated Ind. Sch. Dist.*, 203 Iowa 26. While the general rule is that a former adjudication should be pleaded (*Johnson v. Farmers Ins.*

*Co.*, 184 Iowa 630; *In re Estate of Heaver*, 168 Iowa 563; *Van Orman v. Spafford, Clarke & Co.*, 16 Iowa 186, 193; *Cooley v. Brayton*, 16 Iowa 10,—compare *Larum v. Wilmer*, 35 Iowa 244), we need not in this case pass upon the question whether it should have been pleaded in the petition, rather than in the reply. See *Carleton v. Byington*, 24 Iowa 172; *Jacobs v. St. Paul F. & M. Ins. Co.*, 86 Iowa 145, 150; 33 Corpus Juris 90; 13 Corpus Juris 747. The former adjudication was pleaded. Defendant was duly advised thereof. The trial court merely denied, in effect, defendant's application that the allegations be incorporated in the petition by way of amendment, instead of in the reply. To reverse the case for error in this ruling would be merely to send the parties back to the trial court for the plaintiff to there make a purely formal transfer of her allegation of former adjudication from her reply to her petition,—to go out of court by one door and to come back by another. Defendant was in no wise prejudiced by the form of the pleading. The ruling, even if technically erroneous, was harmless. See 4 Corpus Juris 928.

II. The granting or refusing of a continuance rests in the sound discretion of the court. The court could not, on this record, have found that the defendant was surprised or prejudiced by the reply. Defendant admitted all of its material allegations. Defendant did not claim that it needed further time to enable it to obtain proof of the affirmative matters set up in its rejoinder. Its motion for continuance was not based thereon. It is a fair inference from the record that, if defendant could and desired to prove those allegations, its evidence was readily attainable. The court was not pressing immediate trial, or denying the parties time for preparation. Defendant expressed no desire, and made no offer, to prove such allegations. No error in denying the motion for continuance is shown.

III. The only pleadings known to our practice are those set out in Section 11109, Code of 1927: namely, plaintiff's petition; defendant's motion, demurrer, or answer; plaintiff's motion, demurrer, or reply; defendant's motion or demurrer. Pleadings are statutory, and, under our Code system, none after the reply, except defendant's motion or demurrer, is provided for. It is true that, in *Plummer v. Roads*, 4 Iowa (Clarke) 587, 591, de-

cided under Code of 1851, where the defendant pleaded the statute of limitations, and plaintiff replied that defendant was a nonresident, it was said that the allegation of nonresidence, "not being responded to, must be taken as true,"—referring to Code of 1851, Section 1742, which provided:

"Each pleading subsequent to the petition shall, in relation to every affirmative allegation to which it should respond, contain a specific admission or denial or it must state some sufficient reason for not doing so. Allegations not thus responded to will be taken as true."

In the Revision of 1860, however, it was provided:

"The only pleadings allowed are: 1. The petition of the plaintiff. 2. The demurrer or answer by the defendant. 3. The demurrer or reply by the plaintiff. 4. The demurrer by the defendant." Section 2874.

This section was not in the Code of 1851, and Section 1742 of the Code of 1851 took an entirely different form in the Revision (Section 2917). There was in the Code of 1851 no limitation of pleadings, such as that prescribed by the Revision and the later Codes. In *Merritt v. Woodbury & Dawley*, 14 Iowa 299, decided in 1862, it was held that, where no issue was raised by defendant upon a replication, the affirmative matter of the replication was to be regarded as admitted. It does not appear when that case was tried in the district court, and the attention of this court was evidently not called to the change effected by the Revision of 1860. By Section 11201, Code of 1927:

"Every material allegation in a pleading not controverted by a subsequent pleading shall, for the purposes of the action, be taken as true, but the allegations of the answer not relating to a counterclaim, and of the reply, are to be deemed controverted."

When the different sections are construed together, it must be held not only that the affirmative allegations of the reply are denied by operation of law, but that the defendant may meet them by proof in bar or in avoidance. It cannot be required that defendant anticipate in his answer the allegations of the reply, or that he be compelled to meet them by a pleading unknown to our practice. See 31 Cyc. 267; *Biggs v. Steinway & Sons*, 191 App. Div. 526 (182 N. Y. Supp. 101, 107).

1392

Furthermore, as has been said, the court was not asked for permission to prove the allegations of the rejoinder. There was no offer of evidence, no denial of opportunity or of reasonable time to prove such matters, and no showing that defendant could not have produced its evidence thereon, or that its evidence, if competent and offered, would have been rejected. The ruling was without prejudice.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.