MRS. ARCHIE HILLER, Appellee, v. O. J. FELTON, Appellant.

No. 39377.

292

MAY 14, 1929.

*George C. Gorman,* for appellant.

*Ring & Hann* and *John D. Randall,* for appellee.

DE GRAFF, J.—Defendant in his answer set up affirmative defenses. To these plaintiff by reply pleaded *res adjudicata.* The only errors argued by defendant are the sufficiency of plaintiff's plea and proof of *res adjudicata* and the sufficiency of "defendant's plea of confession and avoidance" of the reply.

Defendant moved to strike the reply. His motion was overruled. Defendant then set up what he denominated "plea of confession and avoidance to plaintiff's reply." Plaintiff moved to strike the "plea of confession and avoidance." Her motion was overruled. The cause went to trial to the court. Defendant offered no evidence in support of his affirmative defenses. The parties at trial confined themselves to making concessions of the contract here sued upon, and of the correctness of the pleadings in the former action set out in plaintiff's reply in this action and rendition of judgment thereon as constituting *res adjudicata.* The court in the action now before us entered findings and judgment "that the matters pled in plaintiff's reply are well taken, and that defendant is foreclosed from raising the matters urged in his amended and substituted answer. Judgment is according-

ly rendered against defendant under the whole record made herein for the amount claimed in plaintiff's petition as amended * * * ''

It will be seen, therefore, and must be kept in mind, that all of the pleadings were allowed to stand; that the parties went to trial on all the issues tendered thereby; that the only evidence offered was in support of plaintiff's petition and reply; and that the court rendered judgment against defendant ''under the whole record.''

By the petition as amended, plaintiff seeks to recover upon a writing which is the same as that set up in defendant's answer, and which, in substance, is that plaintiff shall receive $740 from the contract between defendant, as vendor, and John Erickson, as vendee, for the sale and purchase of a described tract of real estate for $4,500. The writing sued on is indorsed upon the contract between Felton and Erickson, and by its terms the $740 is ''to be paid $100 and int. at 5 per cent each year until the last year * * *.'' Plaintiff alleges that one installment of $100 and interest was paid, and asks to recover the second, third, and fourth installments. Defendant, admitting the execution of the writing sued on (as accepted in plaintiff's amendment), avers in brief that, contemporaneously with its execution, and as part of the same transaction, it was orally agreed that the writing was not to become effective if Erickson should default in performance of his agreements; that the writing was to evidence the amount that plaintiff would ultimately be entitled to receive, if and when Erickson paid all that was to be paid by him, and if Erickson defaulted, defendant was to be released from any liability to plaintiff. Defendant alleges that Erickson did default. Defendant also ''avers that full payment has been made to and received by plaintiff to such sums, if any, as became due her on or about July 14, 1925, or are now due her under the terms of the writing * * * in that she has already been paid and received credit for the sum of approximately $640 out of the proceeds paid by said Erickson; * * * that, by reason of said payments so made to and received by plaintiff, her said claim sued upon herein became and is fully paid, satisfied, and discharged * * *.'' The contract, as set out in defendant's answer, shows indorsement of payment June 21, 1924, $300, and a tax for 1894, $28.60, and ''paid, well, Hutton $166.'' The sufficiency of the terms of the

admitted writing to sustain recovery, though denied in the answer, is not questioned in argument here, nor does it appear to have been questioned at the trial below.

The execution of the contract set out in the petition, as amended, was admitted. On its face plaintiff was entitled to receive the installments sued for. The pleadings and evidence introduced support plaintiff's claim. The reply, though pleading new matter in avoidance, did not waive "the denial of the allegations of the answer implied by law." Code of 1897, Section 3577 (Code of 1927, Section 11158) ; *Day v. Mill-Owners' M. F. Ins. Co.*, 75 Iowa 694; *Parno v. Iowa Merch. Mut. Ins. Co.*, 114 Iowa 132; *Parsons v. Grand Lodge of A. O. U. W.*, 108 Iowa 6; Report of Code Commissioners, 1896, page 101. No evidence to sustain the defendant's affirmative allegations was introduced. Plaintiff was, therefore, entitled to judgment. Defendant says that:

"* * * the court held that the matters pled in plaintiff's reply were well taken, and that appellant was foreclosed from raising the matters urged in his said amended and substituted answer; and it is because he was denied the right to introduce evidence in support of such pleading and to be heard thereon that this appeal was taken. There certainly was no occasion for appellant to make an offer of his evidence, under such ruling and statement of the record."

No ruling on the pleadings adverse to defendant on which the judgment depends was made. The case went to trial on all of the issues, without reservation. The record does not show that defendant was denied the right to prove the allegations of his answer or of his plea of confession and avoidance. He did not offer to prove them. There was a full submission of the case at trial, without reservation. If this court should now hold that matter pleaded and proved as *res adjudicata* was not in law sufficient to avoid the affirmative allegations of the answer, nevertheless those affirmative allegations are unsustained by proof; and "under the whole record made herein;" as held by the trial court, plaintiff was entitled to judgment. The defendant's case here, therefore, is merely that one of the trial court's reasons for a good judgment was wrong. As no ruling on the defendant's "plea of confession and avoidance to plaintiff's reply" preju-

dicial to defendant was made, no evidence was offered in support of it, and as the reply has become immaterial, the plea is likewise immaterial to the question here for determination.

To avoid misapprehension, we will add that we have recently held that a pleading by way of rejoinder to the allegations of a reply is not known under our statutory law. See *Cochran v. Independent Sch. Dist.*, 207 Iowa 1385.—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.